GEORGE W. HELME COMPANY, PROSECUTOR, v. MIDDLE-SEX COMMON PLEAS AND PETER BARANOWSKI.

Submitted March 20, 1913—Decided June 12, 1913.

Under Workmen's Compensation act of 1911 (*Pamph. L., p.* 134), where several fingers are permanently injured in the same accident, the total award is properly composed of separate awards for the injury to each finger as fixed by the statute, not to exceed, however, the amount provided for loss of a hand. The weekly payments in such case do not run concurrently.

On *certiorari* of award under Workmen's Compensation act of 1911. *Pamph. L., p.* 134.

Before Justices TRENCHARD, PARKER and VOORHEES.

For the prosecutor, *Vredenburgh, Wall & Carey.*

For the defendants, *Edward W. Hicks.*

The opinion of the court was delivered by

PARKER, J. The only question is whether the award was according to the statute. The injury was permanent, con-

sisting of the loss of the first phalanx of the second finger, all of the third finger and the first phalanx of the fourth finger. The weekly wage was $13.20.  The award was:

For one phalanx of second finger, minimum
  $5 for thirty weeks.................... $150
For third finger, fifty per cent. of $13.20,
  twenty weeks ........................    132
One phalanx of fourth finger, minimum $5
  for fifteen weeks .....................    75
                                        _____
                                          $357

Prosecutor's claim is that as all three fingers were injured in the same accident, the time should run concurrently, and that this would result for the first fifteen weeks in a total made up (disregarding minimum clause) of $3.30 for second finger; $6.60 for the third and $3.30 for the fourth, in all, $13.20, to which the maximum of $10 a week in clause (a) of paragraph 11 should apply; for the next five weeks there should be a concurrent award of $9.90 for a whole finger and a phalanx of another; and the minimum of $5 for ten weeks more, making a total award of $249.50.  This claim, however, is fallacious.  The fallacy consists in regarding these statutory awards for permanent injury as payments for the employe's time as though the disability were temporary only, whereas they are in reality a statutory method of ascertaining the damages by a specified multiple of the weekly wage, payable normally in weekly installments and reduced to present value if commuted to a lump sum.  The intent of the legislature is made plain by the proviso in clause (c) of paragraph 11, that in no case shall the amount received for more than one finger exceed the amount provided in the schedule for loss of a hand, viz., fifty per cent. of wages for one hundred and fifty weeks. The $10 maximum would apply to the award for the third finger in this case if the man's wages had been over $20 a week.

The award was correctly made as to amount. It does not appear in what order the weekly payments are to be made, but the court would be justified in directing payments of $6.60 per week for twenty weeks and $5 per week for the remaining forty-five weeks.

The judgment is affirmed, with costs.