KING *v.* DAVIDSON.

MASTER AND SERVANT—WORKMEN'S COMPENSATION LAW—LOSS OF
SEVERAL FINGERS—MEASURE OF COMPENSATION.

> A servant who lost the little finger, ring finger, and the
> first joint of the second finger of his right hand in the
> course of his employment was properly awarded as com-
> pensation the sum of the specific awards for the loss of
> each finger, under section 10, pt. 2, of the workmen's com-
> pensation act, said award not being in excess of the amount
> provided for the loss of a hand.[1]

Certiorari to Industrial Accident Board. Submitted
January 18, 1917. (Docket No. 47.) Decided March
29, 1917.

Wilson King presented his claim for compensation
against James Davidson for injuries to claimant's
hand while in defendant's employ. From an order
awarding compensation defendant brings certiorari.
Affirmed.

*De Foe & Converse,* for appellant.

*E. M. Sharpe,* for appellee.

STONE, J. The claimant was injured on February
1, 1916, while in the employ of the defendant; such
injury occurring in the course of his employment. As
a result of this injury claimant lost the little finger
and ring finger of his right hand at the palm of the
hand and the large finger at the first joint. In due
time an application was made to the industrial acci-
dent board, and a hearing by a committee on arbitra-
tion was held. This committee awarded the claimant

---

[1] On workmen's compensation acts, generally, see extensive
note in L. R. A. 1916A, 23.

compensation at the rate of $6.95 a week for a period of 50 weeks; said 50 weeks being determined by adding together the 15 weeks allowed by the act for the loss of the little finger, 20 weeks for the loss of the third or ring finger, and 15 weeks for the loss of the large finger at the first joint. A review of this award was asked by the defendant, and the award of the arbitration committee was affirmed by the industrial accident board.

It was the claim of the defendant in the hearings before the arbitration committee and the industrial accident board, and it is his sole claim here, that, as the act pays compensation for disability only, the claimant was only entitled to compensation for a period of 20 weeks, such period being the longest period of time allowed by the act for the disabilities complained of.

Section 10, pt. 2, Act No. 10, Extra Session 1912, commonly called the compensation act, in treating of partial incapacity, provides in part (2 Comp. Laws 1915, § 5440) :

"In cases included by the following schedule the disability in each such case shall be deemed to continue for the period specified, and the compensation so paid for such injury shall be as specified therein, to wit:  *  *  *

"For the loss of a second finger fifty per centum of average weekly wages during thirty weeks;

"For the loss of a third finger, fifty per centum of average weekly wages during twenty weeks;

"For the loss of a fourth finger, commonly called little finger, fifty per centum of average weekly wages during fifteen weeks.

"The loss of the first phalange of the thumb, or of any finger, shall be considered to be equal to the loss of one-half of such thumb, or finger, and compensation shall be one-half the amounts above specified;

"The loss of more than one phalange shall be considered as the loss of the entire finger or thumb:

*Provided, however,* that in no case shall the amount received for more than one finger exceed the amount provided in this schedule for the loss of a hand."

In construing this act, its words are to be taken and construed in the sense in which they are understood in common language, taking into consideration the text and subject-matter relative to which they are employed. *Northwestern Iron Co.* v. *Industrial Commission,* 154 Wis. 97 (142 N. W. 271, L. R. A. 1916A, 366, Am. & Eng. Ann. Cas. 1915B, 877).

Under the New Jersey statute, where for disability partial in character, but permanent in quality, the compensation is based upon the extent of disability, under a schedule similar to ours it was held in *George W. Helme Co.* v. *Middlesex Common Pleas,* 84 N. J. Law, 531 (87 Atl. 72), that, where several fingers were permanently injured in the same accident, the total award was properly composed of separate awards for the injury to each finger as fixed by the statute, not to exceed, however, the amount provided for the loss of a hand. The court said:

"The intent of the legislature is made plain by the proviso * * * that in no case shall the amount received for more than one finger exceed the amount provided in the schedule for loss of a hand."

See, also, 1 Bradbury's Workman's Compensation (2d Ed.), p. 655.

The fair construction of this clause of the statute contained in the proviso above quoted would apply it to the loss of more than one finger in the same accident.

Counsel for appellant have cited the following cases: *Weaver* v. *Motor Co.,* 186 Mich. 588 (152 N. W. 993, L. R. A. 1916B, 1276); *Limron* v. *Blair,* 181 Mich. 76 (147 N. W. 546). In our opinion neither of these cases is controlling of the instant case. The *Weaver Case* deals with the loss of a remaining eye, the claim-

ant having, seven years before, lost the other eye. We held that the absence of either accident would have left claimant partially incapacitated only, and that total incapacity could not be entirely attributed to the last accident. In the *Limron Case* we held that additional compensation could not be awarded for a specific loss in addition to compensation awarded for total disability. There the disability was total. In the instant case the claim is not for specific loss in addition to total disability, but only a claim for the specific loss for partial incapacity as provided in the schedule.

We are of opinion that the industrial accident board did not err in its award, and its order is therefore affirmed.

KUHN, C. J., and OSTRANDER, BIRD, STEERE, BROOKE, and FELLOWS, JJ., concurred. MOORE, J., did not sit.