## STATE EX REL. MINNEAPOLIS OFFICE & SCHOOL FURNITURE COMPANY v. DISTRICT COURT OF HENNEPIN COUNTY AND ANOTHER.[1]

### May 11, 1917.

### Nos. 20,497—(248).

**Workmen's Compensation Act — distinct injuries — form of judgment.**
    Where an employee suffers two distinct injuries, for each of which he

[1]Reported in 162 N. W. 527.

is entitled to compensation under the Workmen's Compensation Act, the payments should not be made to run concurrently, where the aggregate of both will exceed the maximum weekly allowance as prescribed by section 8207, subdivision (a), G. S. 1913, but should by the judgment of the court be required to be made separately, one following the other.

Upon the relation of Minneapolis Office & School Furniture Company, this court granted its writ of *certiorari* to review the action of the district court for Hennepin county, Steele, J., in proceedings under the Workmen's Compensation Act. Modified.

*Watson, Sexton & Mordaunt*, for relator.

*G. H. Smith*, for respondent.

BROWN, C. J.

*Certiorari* to review the judgment of the court below in proceedings under the Workmen's Conpensation Law. G. S. 1913, c. 84A.

The facts are not in dispute and are as follows: T. H. Gustafson was in the employ of relator, and on March 2, 1917, while engaged in the performance of his duties, sustained an accidental injury resulting in the loss of the thumb and index finger of his left hand. He was entitled under subdivison (c) of section 8207, as compensation for the loss of the thumb, to 50 per cent of his weekly wage for the period of 60 weeks, and for the loss of the index finger to 50 per cent of such weekly wage for the period of 35 weeks. Gustafson was earning at the time of the injury $15 per week. The trial court held that payments for each injury should be made concurrently, and judgment was ordered for $15 per week for 35 weeks, and for $7.50 per week for the next succeeding 25 weeks, making a total of 50 per cent of his weekly wages for the period of 60 weeks. The only question presented is whether the trial court was right in that conclusion.

That view of the statute cannot be sustained without wholly eliminating subdivision (a) of section 8207, wherein it is provided that the maximum compensation for injuries of the character of those here involved, shall not exceed $10 per week, for a period not exceeding 300 weeks. We need not speculate as to the purpose of the legislature in prescribing this limitation, for the language of the law is clear, and there is no room for construction. Gustafson suffered two distinct injuries,

for each of which he was entitled to one-half his weekly wage, or $7.50 per week, for the specified number of weeks, namely 30 weeks for one and 35 weeks for the other injury. If the payments run concurrently, $15 per week must be paid and this will exceed the maximum fixed by the statute. This feature of the statute cannot be ignored or the particular provision brushed aside as unimportant. It must be recognized and effect given thereto. But this can be done only by requiring payment for each injury separately, during the period of time prescribed by the statute; one to follow the other. That would not violate the maximum either as to amount or the limitation of time. · The only authorities upon the question which have been called to our attention sustain that view of the question. George W. Helme Co. v. Middlesex Com. Pl. Court, 84 N. J. Law, 531, 87 Atl. 72; Fredenburg v. Empire United Ry. Co. 170 App. Div. 942, 154 N. Y. Supp. 351. In the first case cited the employer contended, in a situation like that here presented, namely, two or more distinct injuries, that the payments should run concurrently, but could not in the aggregate exceed the maximum fixed by the compensation statute, and must cease at the expiration of the period prescribed by law. The court rejected the contention, and held that the payments should be required for the separate injuries for a period of time prescribed for each, one following the other. The same conclusion was reached in the New York case above cited. The statutes there construed are the same as our compensation law, and we think the rule there applied the only one the statute will bear without violence to the express maximum limitation as to weekly payments.

The cause will therefore be remanded to the court below for a modification of its judgment in harmony with this view of the statute. No statutory costs allowed.