## Dunn v. Eaton.

(Decided March 28, 1930.)

700

STEPHENS & STEELY for appellant.

W. B. EARLY for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Alex Dunn, a contractor, was engaged in constructing a sewer in the city of Corbin, and Crit Eaton was employed as a laborer. Both Dunn and Eaton had accepted the provisions of the Workmen's Compensation Act. While working in a ditch on September 7, 1925, the sides of the ditch caved in. In addition to injuries to his left hip, back, and kidneys, his right leg was broken in two places, necessitating its amputation. Shortly thereafter he signed an agreement which was filed with the Workmen's Compensation Board. It was stipulated in the agreement that his average weekly earnings were $18, and that the injury was the "amputation of right leg at upper third," and, pursuant to section 4899, Kentucky Statutes, the agreed compensation was fixed at $11.70 per week beginning September 14, 1925. Under the agreement Eaton drew compensation at the rate of $11.70 per week for 200 weeks, aggregating the sum of $2,240, which was the maximum compensation for the loss of a leg. Thereafter Eaton applied to the board for a review under section 4902, Kentucky Statutes. Proof was heard, and on January 15, 1929, through James R. Higdon, referee, the board, after finding that Eaton was temporarily totally disabled for a period of 200 weeks from the 7th day of September, 1925, and thereafter permanently disabled to the extent of 50 per cent., awarded him $11.70 a week for a period of 200 weeks, less one week waiting period, and thereafter $5.85 per week for a period of 136 weeks, with 6 per cent. interest thereon, and doctors' and medical bills not to exceed $100. It was further provided that Dunn should take credit for all payments theretofore made. Thereafter Dunn applied to the Workmen's Compensation Board for a whole board review, and asked that the award of January 15, 1929, be set aside. The board found that Eaton was not totally disabled, but that,

in addition to the loss of his right leg, he received a permanent partial disability to his left leg, which impaired his future usefulness and occupational opportunities to the extent of 50 per cent. of his body as a whole. It then canceled the award of January 15, 1929, and awarded Eaton as compensation for the loss of his right leg $11.70 per week for a period of 200 weeks, and the further sum of $5.85 per week for a period of 335 weeks, with the further provision that Dunn should take credit for all amounts theretofore paid, and that Eaton was allowed 6 per cent. interest on all past-due payments. Dunn then appealed to the Whitley circuit court. The award of the board was affirmed. From that order this appeal is prosecuted.

Being supported by competent evidence the Compensation Board's findings of fact are conclusive and will not be disturbed. Layman Calloway Coal Co. v. Miracle et al., 224 Ky. 434, 6 S. W. (2d) 495. Therefore, the only question for consideration is whether the compensation allowed is in conformity with the statute. Although the board found that Eaton was not totally disabled, and fixed his disability for injuries other than the loss of his right leg at 50 per cent., it allowed him compensation for 200 weeks at the rate of $11.70 for the loss of his right leg, and for his other injuries at the rate of $5.85 during the same period, and thereafter for a period of 135 weeks. The result is that the compensation allowed not only exceeds the weekly rate, but the maximum sum that may be allowed for total disability. In our opinion the action of the board does not follow the statute. While doubtless it is true that the allowances under section 4899, Kentucky Statutes, for specific injuries, such as the loss of a leg, are in lieu of all other compensation for disability resulting therefrom, it does not include disability growing out of other injuries. Franko v. William Schollhorn Co., 93 Conn. 13, 104 A. 485. However, payments for separate injuries cannot be added together and made to run concurrently, where the weekly payments will exceed the highest payments allowed under the statute. George W. Helme Co. v. Middlesex Common Pleas, 84 N. J. Law, 531, 87 A. 72; Fredenburg v. Empire United R. Co., 170 App. Div. 942, 154 N. Y. S. 351; State ex rel. Minneapolis Office & School Furniture Co. v. District Court of Hennepin County, Fourth Judicial Dist. et al.,

136 Minn. 447, 162 N. W. 527. All that Eaton was entitled to was $11.70 a week for 200 weeks, and thereafter $5.85 for 135 weeks. Inasmuch, however, as the first allowance has been paid, the board should now allow him only $5.85 a week for 135 weeks.

Wherefore, the judgment is reversed, with directions to the circuit court to remand the case to the Workmen's Compensation Board for proceedings consistent with this opinion.

Whole court sitting.