### KRAMA *v.* PARKER RUST PROOF CO.

1. WORKMEN'S COMPENSATION—DEATH BENEFITS.

    Under the workmen's compensation act, death benefits to dependents of employees only apply in case the accidental injury arising out of and in course of the employment was the proximate cause of death (2 Comp. Laws 1929, § 8428).

2. SAME—LOSS OF FINGERS AND THUMB IN ONE ACCIDENT—COMPENSATION PAYABLE.

    Period for payment of compensation for loss of several fingers and a thumb, in one accident, is the total sum of periods of disability for the loss of fingers and a thumb separately (2 Comp. Laws 1929, § 8426).

3. SAME—SPECIFIC WEEKLY ALLOWANCE—TERMINATION ON DEATH FROM INDEPENDENT CAUSE.

    In proceeding by widow, individually and as administratrix of estate of employee who died after award of compensation for loss of two fingers and a thumb had been but partially paid, to recover balance of compensation after death from independent causes, denial of compensation to plaintiff *held*, proper, there being no distinction between weekly allowance for general disability and specific weekly allowance for loss of a thumb and fingers (2 Comp. Laws 1929, §§ 8426, 8428).

Appeal from Department of Labor and Industry. Submitted January 5, 1937. (Docket No. 11, Calendar No. 39,168.) Decided March 1, 1937.

Antonina Krama, individually and as administratrix of the estate of Vincent Krama, deceased, filed claim against Parker Rust Proof Company, employer, and Travelers Insurance Company, insurer, for balance of compensation payments under award to plaintiff's decedent. Award denied. Plaintiff appeals. Affirmed.

*Dann & Atlas* (*Carl Gussin,* of counsel) for plaintiff.

*Vandeveer & Vandeveer* (*Thomas L. Lott,* of counsel), for defendants.

WIEST, J. Plaintiff's husband, while in the employ of defendant Parker Rust Proof Company, received an injury resulting in the loss of two fingers and the thumb of his right hand. Compensation was by agreement, filed with the department, for $18 per week, for 110 weeks; that being the maximum fixed by statute for such disability (2 Comp. Laws 1929, § 8426). At the expiration of 75 weeks the employee died from a cause wholly apart from the injuries. Thereupon, plaintiff, individually and as administratrix of his estate, petitioned for the balance of the 110 weeks' compensation.

The department applied the terms of the statute, 2 Comp. Laws 1929, § 8428, reading:

"The death of the injured employee prior to the expiration of the period within which he would receive such weekly payments shall be deemed to end such disability, and all liability for the remainder of such payments which he would have received in case

he had lived shall be terminated, but the employer shall thereupon be liable for the following death benefits in lieu of any further disability indemnity.''

The death benefits only apply in case the injury was the proximate cause of death. Loss of several fingers and a thumb, in one accident, is the total sum of periods of disability for the loss of fingers and a thumb separately. *King* v. *Davidson,* 195 Mich. 157; *Lovalo* v. *Michigan Stamping Co.,* 202 Mich. 85.

Counsel for plaintiff seek to draw a distinguishing line between weekly allowance for general disability and the specific weekly allowance for loss of a thumb and fingers. The allowance was payable on a weekly basis and no such distinguishing line can be drawn.

Affirmed, with costs.

FEAD, C. J., and NORTH, BUSHNELL, SHARPE, and POTTER, JJ., concurred. BUTZEL and CHANDLER, JJ., did not sit.