8 So.2d 593

## HERRON v. WILLIAMS & VORIS LUMBER CO.

### 4 Div. 725.

Court of Appeals of Alabama.
May 12, 1942.

Rehearing Denied May 19, 1942.

O. S. Lewis, of Dothan, for appellant.

T. E. Buntin, of Dothan, for appellee.

SIMPSON, Judge.

Feodies Herron, employee of Williams & Voris Lumber Company, is due compensation under the State Workmen's Compensation Law for an injury resulting, coincidentally, in the loss of the thumb and index finger of his left hand.

Decision here turns upon construction of Section 279, Title 26, Code 1940. The schedule provides that for such injuries the employee shall receive 55 percent of his average weekly earnings during the number of weeks set out, to-wit:

For the loss of a thumb, sixty weeks. .

For the loss of a first, index, finger, forty five weeks.

The crucial question is whether compensation for the above injuries, received at the same time, shall be computed so as to run concurrently or consecutively. If computed concurrently, petitioner should receive weekly compensation of $10.04 for 45 weeks and $5.02 for 15 weeks; if consecutively, he should receive $5.02 for 105 weeks.

The trial court ruled that the compensation for the injuries was not to be computed on a concurrent basis. His ruling was:

"(1) That the loss of the thumb entitles the plaintiff to 55% of his weekly earnings for a period of 60 weeks and that the loss of an index finger entitles the plaintiff to 55% of his weekly earnings for a period of 45 weeks.

"(2) That the periods of time during which plaintiff is entitled to compensation do not run concurrently but consecutively, that is to say, that plaintiff is entitled to compensation in the sum of 55% of his weekly earnings for a period of 105 consecutive weeks."

The case is before us for a review of this holding.

There are two decisions of our Supreme Court which we think are conclusive and which sustain the holding of the trial court. Ex parte Diniaco & Bros. et al., 207 Ala. 685, 93 So. 388; Hill Grocery Co. v. Ligon, 231 Ala. 141, 164 So. 219.

These decisions are to the effect that double compensation is not payable for two concurrent injuries, but for two such injuries, specifically compensated in the schedule, the basis of computation is separate; that is, the periods shall run consecutively, not concurrently.

In the Diniaco case [207 Ala. 685, 93 So. 390], the holding was that double compensation (as is claimed here by appellant-petitioner) is not recoverable; that the proper method of computation is to aggregate "the periods [not the amounts of money] for separate compensation"; and that to "aggregate the percentages of separate losses [i. e. the amounts of money] * * * would produce a result wholly at variance with the language and intention of the statute." In other words, in the present case, double compensation ($10.04 rather than $5.02) for the first 60 weeks is not authorized. But the computation should be to aggregate the periods—i. e. 60 weeks for the thumb and 45 weeks for the finger—resulting in 105 weeks at the rate of $5.02 per week.

In the Hill Grocery Co. case [231 Ala. 141, 164 So. 220], the specific interpretation of the statute is that in case of multiple loss of fingers, as here, the compensation should be computed consecutively. The conclusion was there reached that, for the loss of the three middle fingers, the allowance, pursuant to the statute, should be fixed at "50 per cent. [now 55%] of the average weekly earnings during 35 weeks, 30 weeks, and 20 weeks, respectively, for the three fingers that were severed

512

or a total of 85 weeks for the aggregate loss." Thus was the computation there in conformity with our opinion here, that the compensation is not figured concurrently but consecutively, the one period beginning when the other terminates until weekly payments of $5.02 have been transacted for the aggregate period of 105 weeks.

This seems to us to be the clear meaning of the two above cases, nor do we think any different interpretation is warranted.

There appear to be no other Alabama cases touching the question, but as we construe the two cited hereinabove they seem to be conclusive.

There is respectable authority elsewhere, however, which encourages the view here entertained. George W. Helme Co. v. Middlesex Common Pleas, 84 N.J.L. 531, 87 A. 72; King v. Davidson, 195 Mich. 157, 161 N.W. 841; State ex rel. v. District Court, 136 Minn. 447, 162 N.W. 527. The compensation statutes of these states were, as to the particular matter here involved, not substantially different from our own. The essence of the decisions in these cases was that where there were, as in the present case, two distinct concurrent injuries, for which the statute has scheduled compensation, the court should award payments for each injury separately, one to follow the other.

The view of petitioner has been ably presented by his learned counsel, but we are persuaded that the clear meaning of the statute, as well as the authorities, necessitates a contrary conclusion. The judgment of the trial court is therefore affirmed.

Affirmed.