**INLAND STEEL COMPANY, Appellant,**

v.

**Scott WALLEN et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 26, 1962.

Howard & Francis, Fred G. Francis, Prestonsburg, for appellant.

Burnis Martin, Paul E. Hayes, Prestonsburg, for appellees.

WILLIAMS, Judge.

This is an appeal from a judgment of the Floyd Circuit Court which affirmed an award of the Workmen's Compensation Board. The principal basis for this appeal is the alleged failure of the appellee Scott Wallen to give notice as soon as practicable after he first became apprised of the fact that he had silicosis. Wallen had worked in appellant's mines for 31 years. On November 3, 1958, he quit work and within a few days notified the Company that he was disabled due to the fact that he had silicosis. Wallen was examined in June of 1958, at which time it was determined that he had silicosis. Whether he was apprised of that fact at that time, or whether he did not learn of his condition until November, is immaterial. The notice requirement of KRS 342.316(2) is notice of disability rather than notice of the contraction of an occupational disease. This appeal was taken prior to the decision of this Court in Mary Helen Coal Corporation v. Chitwood, Ky., 351 S.W.2d 167, wherein this Court said that, before notice of disability is required to be given by the employee to his employer, the following conditions must concur: (1) The employee has a disability from an occupational disease which impairs his capacity to perform his work; and (2) the employee knows or should know, by the exercise of reasonable care and diligence, that he is suffering from the disease. Wallen gave notice of disability soon after he quit work, and he did not quit work until it became known to him that he had silicosis *and* was disabled.

Five doctors examined Wallen and each diagnosed his condition as silicosis. Two eminently qualified doctors who examined him at the request of the appellant stated that he was not disabled. Two equally qualified doctors stated that he was totally disabled. Consequently the Workmen's Compensation Board had before it

competent evidence of probative value sufficient to support the award. The Board also found that Wallen's disability was attributable to silicosis, which disease arose out of and in the course of his employment. The proof was that he had been a miner since he was 15 years old, and for the past 26 years had been a motorman and was exposed to silica dust. It is undisputed that Wallen had silicosis, and he having worked all those years in the mines for the appellant it is obvious the Board had ample testimony on which to base its conclusion that he was disabled because of an occupational disease which arose out of his employment.

Judgment affirmed.