INLAND STEEL COMPANY, Appellant.

v.

Leon MOSBY et al., Appellees.

Court of Appeals of Kentucky.

Feb. 16, 1962.

Rehearing Denied April 20, 1962.

Howard & Francis, Prestonsburg, for appellant.

C. W. Napier, Jr., Hazard, Cordell H. Martin, Hindman, for appellees.

WADDILL, Commissioner.

The Inland Steel Company has appealed from a judgment reversing an order of the Workmen's Compensation Board which dismissed appellee's claim for compensation benefits based upon disability from silicosis. The only question presented is whether notice was timely under KRS 342.316(2).

Appellee, Leon Mosley, who had worked in the mines of the appellant, Inland Steel Company, for approximately thirty years, was discharged on June 27, 1957, when appellant reduced its working force at its mine. During February, 1958, he obtained temporary employment in a restaurant but was released when a required physical examination disclosed that he had contracted silicosis. Within sixty days thereafter he notified appellant of this diagnosis and of his intention to seek compensation for disability resulting from the disease.

When the parties failed in their attempt to negotiate a settlement of appellee's claim, he filed an application with the Compensation Board on June 12, 1958, seeking compensation benefits against appellant. Upon a hearing appellant introduced testimony tending to show that appellee had been advised in November, 1956, that he had silicosis. Appellant urges that appellee's failure to give it notice at that time supports the Board's dismissal of appellee's claim for failure to give timely notice under KRS 342.316(2). However, there was testimony that appellee was physically able to perform his duties satisfactorily while employed by appellant and did so perform them. Therefore, it is contended by appellee that he was not required to give notice until he was disabled. Such was the conclusion of the circuit court.

The notice requirement of KRS 342.316 (2) is notice of disability from an occupational disease rather than notice of the contraction of such a disease. Inland Steel Co. v. Wallen, Ky., 353 S.W.2d 370; Mary Helen Coal Corp. v. Chitwood, Ky., 351 S. W.2d 167. Therefore, the circuit court cor-

rectly concluded that appellee had given timely notice to the appellant of his disability from silicosis and properly remanded the case to the Board for a determination of the merits of the claim.

Judgment affirmed.