**INLAND STEEL COMPANY, Appellant,**

**v.**

**Leon MOSBY et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 31, 1964.

Fred G. Francis and Howard, Francis & Howard, Prestonsburg, for appellant.

C. W. Napier, Jr., Hazard, Cordell Martin, Hindman, for appellees.

MILLIKEN, Chief Justice.

This case is a sequel to Inland Steel Company v. Mosby (1962), Ky., 355 S.W.2d 651, in which we remanded the case to the Workmen's Compensation Board after it had dismissed Mosby's claim for disability from silicosis on the ground he had not given the employer proper notice.

Prior to his present claim for silicosis Mosby had received an award on the basis of 50% disability against the appellant, Inland Steel Company, in June, 1956, for an injury to his leg which occurred on May 9, 1955. The appellee last worked for the appellant June 26, 1957, when he was cut off due to a reduction in working force.

Subsequently on June 13, 1958, after he had lost a job in a restaurant because he had silicosis, Mosby filed his claim for workmen's compensation benefits for silicosis which he asserted developed while working for Inland. Upon processing of the latter claim, the Workmen's Compensation Board dismissed it for failure to give proper notice which conclusion we overruled and remanded the case to the Board for a hearing on the merits. Inland Steel Company v. Mosby, supra. After the hearing was held, the Board found Mosby 100% disabled from silicosis and granted an award accordingly.

Confronted with conflicting medical opinions the Board referred Mosby to Dr. Oscar O. Miller for examination and he concluded that Mosby was totally disabled by reason of impaired breathing capacity; 30% attributable to silicosis and 70% to nonoccupational emphysema. However, Dr. Mil-

ler admitted that Mosby's silicosis was sufficient to make it "not advisable" for him to work in the mines. On November 9, 1963, the Workmen's Compensation Board awarded Mosby total and permanent disability benefits. Mosby had worked for Inland for nearly thirty years so his case does not involve the subsequent claim fund. It was at Inland where he had his last exposure to silica dust.

■ Appellant urges that the Workmen's Compensation Board erred in awarding appellee 100% disability without giving credit to the employer for compensation previously paid in the amount of 50% disability to the body as a whole. Mosby worked for Inland about a year and a half after the 1955 leg injury before his dismissal. Appellant emphasizes the fact that appellee's leg injury and award for 50% disability to the body as a whole was incurred during the same period of employment during which he incurred silicosis. Appellant argues that it is unconscionable to award a man disability in an amount of 150% to the body as a whole.

The two awards given to the appellee are in line with the decision of this Court in International Harvester Company v. Poff, Ky., 331 S.W.2d 712, which held that where leg injuries themselves produced total and permanent disability, the workman was entitled to total and permanent disability compensation, without deduction of an amount previously paid to compensate him for disability resulting from the loss of an eyeball even though the loss of the eyeball caused 25% partial disability to the body as a whole. Simply because silicosis is not so easily detected as an exterior visible injury should not cause us to deviate from the principle of the International Harvester Company case.

In the International Harvester Company case, supra, this Court cited a statement from Larson's Workmen's Compensation Law, Vol. 2, Sec. 59.42, p. 67, which also covers the case at bar, to wit: "The capacities of a human being cannot be arbitrarily and finally divided and written off by percentages. The fact that a man has once received compensation as for 50% of total disability does not mean that ever after he is in the eyes of compensation law but half a man, so that he can never again receive a compensation award going beyond the other 50% of total. After having received his prior payments, he may, in future years, be able to resume gainful employment. If so, there is no reason why a disability which would bring anyone else total permanent disability benefits should yield him only half as much."

■ Appellant further contends the award for lung disease should be apportioned 30% to silicosis, an occupational disease, and 70% to emphysema, a non-occupational disease. The testimony of Dr. Oscar O. Miller supports the conclusion that 30% breathing impairment attributable to silicosis is enough for total and permanent disablement for the performance of coal mining. In Bethlehem Mines Corporation v. Davis, Ky., 368 S.W.2d 176, 177, this Court held that proof relating to other possible contributing factors to total and permanent disability of one employed by a coal mining company, and who also was found disabled by an occupational disease of a respiratory nature acquired in employment, was insufficient to require apportionment. See, also, on the subject of apportionment and qualifying opinions of physicians, Leep v. Kentucky State Police, Ky., 366 S.W.2d 729.

In any event, the conclusion of the Board is supported by lay witnesses and the testimony of two physicians as well as by Dr. Miller.

The judgment is affirmed.

MONTGOMERY, J., dissenting.