**EASTERN COAL CORPORATION,**
Appellant,

v.

**Prosper MAYNARD et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 25, 1964.

Baird & Hays, Pikeville, for appellant.

Sanders & Redwine, Pikeville, J. W. Craft, Jr., Frankfort, for appellees.

CLAY, Commissioner.

Having contracted the occupational disease of silicosis, appellee was awarded total and permanent workmen's compensation disability benefits. This award was confirmed by the circuit court. Appellant maintains it was contrary to the evidence and not in conformity with the statutes.

It is admitted the employee was exposed to conditions which could cause silicosis while in appellant's employ and that his functional impairment was proven to be at least fifteen or twenty percent. Four of the five doctors who examined the employee also found an arteriosclerotic or heart con-

dition. Another doctor did not find this latter condition and was of the opinion that the employee was totally and permanently disabled, because of silicosis, from engaging in further mine work or other heavy manual labor.

While conceding partial disability arising from the occupational disease, appellant contends the Board has in effect determined that since the employee should not return to work in the mines, even though a noncompensable condition also contributes to his disability, the employee is totally and permanently disabled. We do not believe the Board went quite so far in this case. We may observe, however, that a substantial functional disability resulting from silicosis, even though not total, may actually foreclose to the employee the opportunity for employment in the only occupational field for which he is qualified. This, coupled with substantial incapacity to perform other kinds of work, may constitute total disability. Leep v. Kentucky State Police, Ky., 366 S.W.2d 729.

Here we have an expert medical opinion (of Dr. Hambley) that the silicotic condition totally disabled the employee "for further occupation in the mines, or other heavy manual labor". The Board could accept this evidence even though other doctors attributed part of the employee's impairment to another condition.

What we have said above answers appellant's argument that the Board should have made an apportionment under KRS 342.316 (9). See Inland Steel Co. v. Mosby, Ky., 375 S.W.2d 268.

We believe that appellant's argument concerning the uniqueness of the disease of silicosis and its disabling effects are matters for legislative rather than judicial consideration.

The judgment is affirmed.