**OSBORNE MINING CORPORATION,**
**Appellant,**

**v.**

**Mallie BLACKBURN et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 17, 1965.

Baird & Hays, Pikeville, for appellant.

Friend & Mullins, Pikeville, Stuart E. Alexander, Louisville, for appellees.

MONTGOMERY, Judge.

Osborne Mining Corporation appeals from the judgment affirming a Workmen's Compensation Board award in favor of Mallie Blackburn for total and permanent disability and awarding compensation in the sum of $36 per week, beginning April 27, 1962, and continuing thereafter for a period not to exceed 425 weeks, together with medical and hospital expenses incurred.

Blackburn was found to be permanently and totally disabled by silicosis as a result of exposure while an employee of appellant's. The disability was found to have existed since April 20, 1960, his last day of employment with appellant.

Blackburn's employment ended when he was run over by some equipment while working in appellant's mine. He sustained a broken pelvis and a mashed leg for which he was awarded lump sum compensation of $1,285.34. A few months later when he had recovered from this injury he, unsuccessfully, sought reemployment from appellant. He later worked as a concession man at a hospital. He has not returned to mine work.

It is agreed that the judgment is in error. It should have shown an award of $32 per week for 425 weeks from April 27, 1960, instead of $36 per week from April 27, 1962, because KRS 342.095, then in effect, allowed a maximum of $32 per week for 425 weeks. This apparently was a clerical error.

Appellant urges that the judgment as corrected should be credited by the amount of the lump sum compensation paid for the April 20, 1960 injury on the theory that the injured employee is not entitled to collect more than the maximum benefit, or 100%. It is also contended that Subsequent Claim Fund (now Special Fund) should have been made a party. Appellant's motion to consolidate this proceeding with the proceeding in which the lump sum award was made was denied.

█ A review of the record discloses that the finding of total and permanent disability by the Board is sustained by the evidence. It should be noted that Blackburn's disability because of occupational disease relates to his last employment with appellant ending on April 20, 1960, the day of his hip and leg injury.

█ KRS 342.095 governs the amount of compensation to be awarded for total disability. The statute makes no distinction between compensation for disability for injury and occupational disease. In this respect it provides "When the injury or occupational disease causes total disability for work * * *." In fact, all of the statutes under KRS, Chapter 342, Workmen's Compensation, providing for compensation benefits, except KRS 342.105, dealing with severances, treat "injury" and "occupational disease" as one and the same in so far as benefits are concerned.

█ The failure to distinguish between injury and disability causes confusion and may be the explanation for Blackburn's claim that he is entitled to 100% of benefits for silicosis in addition to the lesser percentage of benefits awarded for the injury. Under the statutes the disability is evaluated, not the injury or the disease. On April 20, 1960, Blackburn had two injuries, broken pelvis and mashed leg, and an occupational disease which entitled him to compensation benefits. It is conceivable that a claimant may have a combination of injuries or an injury and occupational disease, any one of which would entitle him to maximum benefits, but no injury or occupational disease or combination thereof simultaneously causing disability will entitle him to more than the maximum benefits under KRS 342.095, because he has just the one total and permanent disability resulting. For such disability KRS 342.095 provides that the claimant shall be paid benefits over a period of time. In this case benefits are payable for the maximum period of time. Accordingly, the judgment should have allowed credit for the benefits already received since they were received for a disability which was a part of the total disability dating back to April 20, 1960.

Blackburn relies on International Harvester Company v. Poff, Ky., 331 S.W.2d 712, to sustain his right to defeat the crediting of the lump sum payment. The Poff case is distinguishable because the employee there returned to employment as a "whole man" with the same employer and then sustained a second injury over three years

later. Here, Blackburn had an injury and occupational disease on the last day of employment and never returned to the employ of appellant. The Poff case illustrates separate injuries and resulting disabilities with an intervening time period, while the present case illustrates the concurrence of injuries and occupational disease resulting in one total disability with no intervening period of time.

██ No meritorious contention arises relative to the Subsequent Claim Fund because of the Board's silicosis finding.

Judgment reversed with direction to correct as indicated and to allow credit for lump sum payment.

STEWART, J., dissenting.