Carl CABE, Commissioner of Labor, Common-
wealth of Kentucky, Custodian of the
Special Fund, Appellant,

v.

Tom SKEENS, Eastern Coal Corporation,
and Workmen's Compensation Board
of Kentucky, Appellees.

Court of Appeals of Kentucky.

Oct. 6, 1967.

Rehearing Denied Feb. 9, 1968.

Martin Glazer, Thomas R. Emerson, De-
partment of Labor, Frankfort, for appel-
lant.

Friend & Mullins, Pikeville, for Work-
men's Compensation Bd. and Tom Skeens.
William Baird and Edward Hays, of
Baird & Hays, Pikeville, for Eastern Coal
Corp.

OSBORNE, Judge.

The appellee, Tom Skeens, filed three ap-
plications for compensation benefits with
the Workmen's Compensation Board. From
the record it appears that on November 10,
1964, he injured his right ankle while work-
ing in a mine of the Eastern Coal Corpora-
tion. He was off work until February 8,
1965, at which time he returned and worked
until July 26, 1965, when he injured his left
ankle and foot. From this injury he was
off until October 11, 1965, at which time he
returned and worked until November 1,
1965, when he was forced to quit perma-
nently because of silicosis.

It is undisputed that appellee has suf-
fered a period of temporary total disability
for each ankle and that he now has some
permanent partial disability in each ankle
resulting from these injuries. It is further
undisputed that he is now totally and per-
manently disabled from silicosis, which dis-
ability is compensable as an occupational
disease. All three claims were consoli-

dated for hearing by the Workmen's Compensation Board. Following the hearing findings were entered and an award granted. Appellee was awarded total permanent disability to be paid as follows: 10% partial permanent for 400 weeks, starting with the date of the particular injury for each of the ankles to be assessed against the employer; 80% partial permanent for 400 weeks against the special fund, with an additional period of 100% total permanent for 25 weeks. This award was appealed to the circuit court and there modified to the extent that 4% of the permanent partial disability to each of the ankles was adjudged to be preexisting and awarded against the special fund and 6% against the employer making a total award against the employer of 12%. The court increased the award against the special fund for silicosis from 80% to 100% making a total award against the Fund of 108%.

Two questions are raised upon this appeal. One, where the employee suffers an injury following which he returns to work and suffers a subsequent injury or occupational disease which amounts to total permanent disability, can maximum recovery be had for both injuries where the payment periods overlap? Two, was there sufficient competent evidence before the Board to justify the award of 10% for each of the ankles against the employer without apportionment to the special fund?

The first question is one of first impression in this state and presents a nexus between two conflicting lines of cases. One is that no disability arising out of one occurrence or arising at the same date can be compensable at a rate higher than that set for total permanent disability. This rule is set out in Osborne Mining Corp. v. Blackburn, Ky., 397 S.W.2d 144. The rule is there stated to be, at 145: "It is conceivable that a claimant may have a combination of injuries or any injury and occupational disease, any one of which would entitle him to maximum benefits, but no injury or occupational disease or combination thereof simultaneously causing disability will entitle him to more than the maximum benefits under KRS 342.095, because he has just the one total and permanent disability resulting." The second is the whole man theory. This is set out in Inland Steel Company v. Mosby, Ky., 375 S.W.2d 268, and International Harvester Co. v. Poff, Ky., 331 S.W.2d 712. This rule is where a man has had a compensable disability, received his compensation and returned to work and then receives a subsequent independent injury which incapacitates him, the prior injury should not be deducted. See Larson's Workmen's Compensation Law, Vol. 2, § 59.42, p. 67.

■ The employee argues that he returned to work as a whole man after each of the injuries and therefore these amounts should be given in addition to the total recovery for silicosis. Though this would undoubtedly be true if the compensation period had run out before the subsequent occupational disease, under the aforementioned whole man doctrine, to so hold in this situation would violate the spirit of the statute. Larson's Workmen's Compensation Law, Vol. 2, § 59.41, p. 65, says: "There is a sound and practical reason for the generally-accepted rule that awards for successive or concurrent permanent injuries should not take the form of weekly payments higher than the weekly maxima for total disability. A man can be no more than totally disabled, and if he is allowed to draw weekly benefits simultaneously from a permanent total and a permanent partial award, it will probably become more profitable for him to be disabled than to be well * * *." This general rule was stated under different facts in Dunn v. Eaton, 233 Ky. 699, 26 S.W.2d 513, 514,[1] "However, payments for separate injuries cannot be added together and made to run concurrently, where the weekly payments will exceed the highest payment allowed under the statute."

1. This case, however, involved several injuries suffered concurrently.

On the second question we are of the opinion that there was sufficient evidence in the record to support the finding of the Board that the disability resulting from arthritis in the ankles was not a material factor. Dr. Frank T. Varney, who was introduced by the employee, testified that in his opinion the preexisting arthritic condition could have played a part in his recovery from the injury. He also testified that the arthritic condition was very mild and even though later on he attributed 40% of the disability to the arthritic condition we feel that on the basis of his total statements the Board was justified in finding that this was a normal degenerative condition and awarding the total amount against the employer.

For these reasons, the award of the Compensation Board should be affirmed.

The judgment is reversed.

All concur.