**GENERAL REFRACTORIES COMPANY, Appellant,**

v.

**Homer HERRON, James R. Yocom, Commissioner of Labor and Custodian of the Special Fund, and, Workmen's Compensation Board of Kentucky, Appellees.**

Court of Appeals of Kentucky.

Aug. 5, 1977.

Rehearing Denied Feb. 24, 1978.

Discretionary Review Denied
June 27, 1978.

Howard VanAntwerp, III, VanAntwerp, Hughes, Monge & Jones, Ashland, for appellant.

Alvin B. Trigg, Wallace, Turner & Trigg, Lexington, Cyril E. Shadowen, Dept. of Labor, Sp. Fund, Louisville, for appellees.

Before, HOWERTON, GANT and WILHOIT, JJ.

HOWERTON, Judge.

This is a workmen's compensation case. The claimant, Homer Herron, with a history of approximately nine years as a coal miner and forty years as a brick yard worker, claimed benefits after the diagnosis that he had pneumoconiosis on or about September 30, 1974. Notice of a claim was given the employer on October 8, 1974 and on or about January 6, 1975 a claim was filed with the Workmen's Compensation Board. The Workmen's Compensation Board awarded the claimant $16.25 per week against the appellant, that being 25% of $65.00. The claimant then filed a petition for reconsideration arguing that the award should be based upon $84.00 per week for the duration of the disability under the 1972 Amendments to the Kentucky Workmen's Compensation Act, rather than the older $65.00 for a period of 425 weeks. The claimant further asserted that the Board had erred in its original award in allowing credit for disability benefits paid for a work-related arm injury suffered by him on a prior occasion which was settled by a lump-sum payment based on a time period through June 7, 1975, overlapping the disability period claimed in the present action. The petition for reconsideration was overruled. On appeal to the Carter Circuit Court, the case was remanded to the Kentucky Workmen's Compensation Board with directions to amend its opinion and award so as to grant claimant compensation based on $84.00 per week for life without credit to the appellant for the previous disability benefits paid.

The primary problem presented by this case is one which is common to numerous cases in Kentucky—the employment of a former coal miner in another industry or occupation in which he is also exposed to one of the over forty types of pneumoconiosis. The appellee, Herron, worked approximately nine years as a "coal miner" and the last forty years as a "brick worker". In other cases, former coal miners have had subsequent employment for protracted periods as sandblasters, workers in asbestos plants or chemical plants, or in a number of similar industries.

The applicable section of the 1972 Kentucky Acts is Section 37, Chapter 78, which reads as follows:

This Act shall be effective on January 1, 1973; and effective for all claims filed on and after January 1, 1973; provided, however, that in the event federal law specifies that claims covered by the provisions of this Act shall be filed with a federal agency such claims shall continue to be filed as required by the federal law until repeal or expiration of the federal law requiring same; then, in that event, the increase in benefits provided herein shall not apply to those claims where benefits are awarded under the federal law. The benefits under the present law KRS Chapter 342, shall apply to those claims.

■ The ruling cases are *Maggard v. International Harvester Company*, Ky., 508 S.W.2d 777 (1974), and *Fugate v. United States Corporation*, Ky., 528 S.W.2d 691 (1975). These cases and the statute, taken collectively, prescribe that the law pertinent to a "coal miner" is that if he is eligible to apply for relief under the Federal black lung program, he is limited to disability in the amount of $65.00 per week for a period of 425 weeks. If not eligible, he may receive $84.00 per week for the duration of the disability.

In the instant case, the employer argues that the appellee, Herron, is a victim of "black lung;" the appellee urges that he has "red lung;" the Workmen's Compensation Board found that he had "red lung" but that he had worked for a period of less than ten years as a coal miner and limited his recovery to the lesser sum. The circuit court reversed the Board and granted the higher amount for the duration of the disability. We would affirm the circuit court on this award.

■ The Federal black lung program was born with the passage of the Federal Coal Mine Health and Safety Act, 30 U.S.C.A. § 901, et seq. This program was predicated on assistance to *coal miners* suffering from pneumoconiosis/silicosis resulting from employment in *coal mines.* Three basic periods were provided by the Act. If the coal miner had worked in the mines for less than ten years, he was faced with the provisions of 20 C.F.R. § 410.410(b), as follows:

To establish entitlement to benefits on the basis of a coal miner's total disability due to pneumoconiosis, a claimant must submit the evidence necessary to establish: (1) that he is a coal miner, that he is totally disabled due to pneumoconiosis, and that his pneumoconiosis arose out of employment in the Nation's coal mines;

. . .

Between ten and fifteen years, there is a rebuttable presumption that if the coal miner in fact has pneumoconiosis/silicosis, it arose out of his employment in the coal mines. After fifteen years, there is also a rebuttable presumption with two grounds of attack listed.

■ In the instant case, the Workmen's Compensation Board found that the total coal mine employment of the appellee was nine years. This would place him in the first group outlined herein and confront him with a burden of proof which he could not possibly meet. To hold that this man, under these circumstances, *is* a coal miner and "eligible" for Federal black lung benefits is sheer nonsense. He has had a forty-year career since being in a mine. The medical evidence herein, as it usually is, was that Herron's condition was the result of his "total experience", but it is obvious from the record that the forty years as a brick worker was predominant. In its finding, the Board found that "The plaintiff became totally and permanently disabled as a result of the occupational disease of silicosis/pneumoconiosis *arising out of and in the course of his employment as a brick worker.*"

■ It is our opinion that the remedy provided by the applicable section of Chapter 342 of the Kentucky Revised Statutes, pursuant to the amendment in the Act of 1972, *supra*, is not exclusive where the evidence clearly indicates a combination of causes of the pneumoconiosis. The purpose of Chapter 342 was obviously to grant the employee his full disability but to pass on a part of this to the Federal funds available. This purpose would not be satisfied where

the evidence clearly shows that the condition of the employee was a combination of causes such as we find here and, again, we do not feel that this statute provides an exclusive remedy.

■ Appellant's second contention is that the circuit court erred in reversing the allowance to it for previous payments of compensation benefits which overlapped with the period of time for which the claimant presently sought total disability. We are in agreement with appellant. Appellee argues that the court laid down the simple rule that where an employee was injured and received a subsequent independent injury which incapacitates him, the prior injury should not be deducted, citing *International Harvester Company v. Poff*, Ky., 331 S.W.2d 712 (1959); *Inland Steel Co. v. Mosby*, Ky., 375 S.W.2d 268 (1964); *Cabe v. Skeens*, Ky., 422 S.W.2d 884 (1967); and *Young v. Young*, Ky., 460 S.W.2d 832 (1970). The rule urged by appellee is correct when the payment period under the first award of disability benefits has expired prior to the employee's second term of benefits. However, as has been well reasoned in this line of cases and others, *see, Osborne Mining Corporation v. Blackburn*, Ky., 397 S.W.2d 144 (1965) a claimant cannot be more than 100% disabled at any one time. Herron's lump-sum payment for his earlier disability was a settlement, as permitted by KRS 342.150, for a weekly amount to be paid over a period of time as found by the Board. In the present case, the period of time for the payments of the previous award so found overlaps with the time used in calculating the claimant's permanent total disability. As to that overlapping period, the claimant can only be 100% disabled and thus, the employer and the Special Fund must be credited in proportion to the amount of their respective liabilities for the amount and duration of the overlapping period as found by the Board and not the lump-sum award actually received by the claimant distributed over the time of the compensation.

For the reasons herein stated, the judgment of the circuit court is reversed as to the matter of overlapping disability only, and the case is remanded to the circuit court with instructions to enter a judgment in accordance with this opinion.

ALL CONCUR.