**Plennie MATNEY, Appellant,**

v.

**Vicki G. NEWBERG, Acting Director of Special Fund; T & T Coal Company, Inc.; Ronald W. May, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 92–SC–777–WC.

Supreme Court of Kentucky.

Dec. 17, 1992.

As Modified on Denial of Rehearing March 18, 1993.

Case Ordered Published by Supreme Court, March 18, 1993.

Kelsey E. Friend, Robert J. Greene, Pikeville, for appellant.

John E. Stephenson, R. Scott Summers, Joel D. Zakem, Louisville, for appellee Newberg.

William J. Baird, Paul E. Jones, Pikeville, for appellee T & T Coal Co., Inc.

MEMORANDUM OPINION
OF THE COURT

This case concerns whether the Court of Appeals correctly interpreted KRS 342.732 and KRS 342.730 as limiting a claimant who is 100% occupationally disabled due to coal workers' pneumoconiosis and 20% occupationally disabled due to an injury to receiving benefits from the combined awards equal to 66⅔% of his average weekly wage, so long as that amount did not exceed the state average weekly wage.

Claimant injured his back on May 25, 1987, and was last exposed to the hazards of pneumoconiosis on January 27, 1988. The Administrative Law Judge (ALJ) determined that he was 100% occupationally disabled from the occupational disease, pursuant to KRS 342.732(1)(d), and 20% occupationally disabled from the injury, pursuant to KRS 342.730(1)(b). The pneumoconiosis claim was apportioned 25% to the employer and 75% to the Special Fund. The entire injury claim was to be paid by the Special Fund. Because the combined awards exceeded 100%, the ALJ ordered that the injury claim should be paid first and that credit be given against the pneumoconiosis award to the extent of payments made pursuant to the injury award. *Estep Coal Co. v. Ward*, Ky., 421 S.W.2d 367 (1967). The resulting award of $266.68 equalled 66⅔% of claimant's average weekly wage, which was less than the applicable state average weekly wage.

Subsequent to the award the employer learned that, while it had been paying claimant $266.38 per week, the Special Fund had simultaneously been paying him $48.32 per week, the Special Fund's liability on the injury claim. Claimant refused the employer's request to reimburse it for the overpayment. The employer, therefore, filed a motion to recoup the overpayment

of benefits. This motion was sustained to the extent that there were any past due or as yet unpaid benefits. The employer was prohibited from recouping overpayment by withholding future benefits. *Triangle Insulation v. Stratemeyer,* Ky., 782 S.W.2d 628 (1990). Claimant appealed, but the ALJ's order was affirmed by the Workers' Compensation Board (Board) and the Court of Appeals.

■ Claimant asserts that his combined benefits should not be limited to 66⅔% of his average weekly wage. He argues that, because he has received awards totalling more than 100% occupational disability, he should be allowed to receive both awards so long as the combined benefit does not exceed the state average weekly wage as determined by KRS 342.740.

We agree with the decisions below. Both KRS 342.732 and KRS 342.730 limit the benefit for total occupational disability to 66⅔% of a claimant's average weekly wage, so long as that amount does not exceed 100% of the state average weekly wage as determined by KRS 342.740. Neither statute authorizes a benefit greater than 66⅔% of a claimant's average weekly wage. To do otherwise would allow a claimant such as the one herein to receive an award for more than 100% occupational disability. Such a result is contrary to the long-standing principle that a claimant may not, at one time, be compensated for more than total occupational disability because he can, in fact, be no more than totally, occupationally disabled. See *General Refractories v. Herron,* Ky., 566 S.W.2d 433 (1977); *Cabe v. Skeens,* Ky., 422 S.W.2d 884 (1967); *Osborne Mining Corporation v. Blackburn,* Ky., 397 S.W.2d 144 (1965); *Dunn v. Eaton,* Ky., 26 S.W.2d 513 (1930); Larson, *Workmen's Compensation Law,* § 59.41. We find no indication that the legislature intended to authorize benefits for combined awards exceeding those for total occupational disability.

We also disagree with claimant's contention that, in effect, *Transport Motor Express, Inc. v. Finn,* Ky., 574 S.W.2d 277 (1978) would support combining benefits for greater than 100% occupational disability up to the amount of the state average weekly wage. In that case the claimant's entire disability totalled 100%, not more than 100% as in the instant case. Furthermore, the decision of the Court of Appeals, upon which claimant relies, was reversed, and this Court directed that the proper approach for calculating an income benefit "is to employ the methodology of KRS 342.730 to determine the amount to which the claimant is entitled by the whole of his disability." *Finn, supra* at 281. The Court also noted that in KRS 342.730(1)(a) the legislature specifically limited benefits for total occupational disability not only to the maximum allowed by KRS 342.740, but additionally to the statutorily determined percentage of average weekly earnings. *Finn, supra* at 283. Nothing in that decision supports awarding a claimant benefits greater than 66⅔% of his average weekly wage.

■ Claimant also argues that the ALJ was not authorized to offset the pneumoconiosis benefits received pursuant to KRS 342.732 to the extent of the injury benefits received pursuant to KRS 342.730. Because he failed to raise this argument before the ALJ, we will refrain from addressing it herein.

The decision of the Court of Appeals is hereby affirmed.

All concur except COMBS, J., who dissents without opinion.