Randy **LEWIS**, Appellant,

v.

**FORD MOTOR COMPANY; Honorable James L. Kerr, Administrative Law Judge; And Workers' Compensation Board, Appellees.**

No. 2011–SC–000294–WC.

Supreme Court of Kentucky.

March 22, 2012.

Wayne C. Daub, Louisville, KY, Counsel for Appellant, Randy Lewis.

Wesley G. Gatlin, Peter J. Glauber, Boehl Stopher & Graves, LLP, Louisville, KY, Counsel for Appellee, Ford Motor Company.

## OPINION OF THE COURT

Affirming a decision by the Workers' Compensation Board, the Court of Appeals determined that partial disability awards rendered for injuries incurred at different times did not entitle the claimant to receive at any time combined weekly benefits that exceeded the maximum for permanent total disability.

The issue presented by this appeal is whether the maximum benefit permitted by KRS 342.730(1)(a) applies only to individual awards. We affirm because we conclude that it does not.

The claimant sought benefits for work-related lumbar spine injuries sustained in 2001 and 2002 (Claim # 01–88767) and a work-related cervical spine injury sustained in 2005 (Claim # 06–00277). The claims were litigated and considered together.

The Administrative Law Judge (ALJ) determined that both the lumbar injuries and the cervical injury prevented the claimant from returning to the type of work he performed at the time they occurred, entitling him to triple partial disability benefits. Nonetheless, even their combined effects did not render him totally disabled. The ALJ reasoned that the claimant was only 39 years old and had a high school education. Moreover, specific activities he performed in a surveillance video indicated clearly to the ALJ that he was "much more capable than his testimony would suggest."

Having found that the lumbar injuries produced various periods of temporary total disability (TTD) and a 23% permanent impairment rating thereafter, the ALJ awarded 425 weeks of partial disability benefits at the rate of $315.46 per week beginning on August 17, 2004. Having found that the cervical injury warranted a period of TTD and produced a 27% permanent impairment rating thereafter, the ALJ determined that the claimant was entitled to 425 weeks of partial disability benefits at the rate of $498.00 per week beginning on November 22, 2007. For some reason the amount the ALJ ordered

in the award portion of the decision was only $479.55, an undisputed error that the Board directed the ALJ to correct on remand. Both awards extended the 425–week period for all subsequent periods of TTD and granted the employer credit for any previously-paid benefits.

The employer noted in its petition for reconsideration that the combined weekly benefits under the awards would equal $813.46 during the weeks that they overlapped. The employer asserted that the claimant was not entitled to receive combined weekly benefits totaling more than $607.23, the maximum benefit that KRS 342.730(1)(a) allowed for total disability. Having granted the petition, the ALJ amended the award in Claim # 06–00277 to grant the employer credit not only for any previously-paid benefits but also for the entire $315.46 per week paid for Claim # 01–88767. The ALJ denied the claimant's subsequent petition for reconsideration, after which he appealed.

The claimant argued that he was entitled to the full amount of both of his awards, but the Board disagreed. Acknowledging the absence of any authority directly on point, the Board relied on *Matney v. Newberg*[1] for the principle that Chapter 342 does not entitle a worker to be compensated at one time for more than total disability because a worker cannot be more than totally disabled. The Board concluded that the claimant should receive his full award in Claim # 01–88767 during the period that the awards overlapped and sufficient benefits under his award in Claim # 06–00277 to equal a combined weekly total of $607.23. After the overlapping period terminated, he would receive for the balance of the 425–week period applicable to Claim # 06–00277 the full $498.00 that was awarded for the claim. The Court of Appeals affirmed.

The claimant argues that the decisions below violated KRS 342.730(1)(e) by requiring a credit and that *Matney* is inapplicable to a post–1996–Act claim. We disagree.

■ KRS 342.730(1)(d) entitles a worker whose disability rating exceeds 50% to receive a 520–week award. As amended effective December 12, 1996, KRS 342.730(1)(e) states as follows:

> For permanent partial disability, impairment for nonwork-related disabilities, conditions previously compensated under this chapter, conditions covered by KRS 342.732, and hearing loss covered in KRS 342.7305 shall not be considered in determining the extent of disability or duration of benefits under this chapter.

■ The pre-amended version of KRS 342.730(1)(e) prohibited only nonwork-related impairment or disability and claims under KRS 342.732 from being considered when determining whether a worker was "impaired or disabled in excess of fifty percent (50%)." The purpose of both the amended and pre–amended versions of KRS 342.730(1)(e) is to limit the types of disabilities and conditions that may be considered when finding a worker's disability to be more than 50% for the purpose of KRS 342.730(1)(d). We find nothing in the statute that evinces the intent to permit concurrent weekly benefits under overlapping partial disability awards to exceed the maximum for total disability.

The claimant asserts that *Matney v. Newberg* is inapplicable to multiple partial disability awards because it involved concurrent pneumoconiosis and injury awards for total and partial disability respectively and also because the post–1996 version of KRS 342.730(1)(b) bases partial disability

awards on impairment rather than occupational disability. We disagree.

*Matney v. Newberg* and the subsequent decision in *McCoy Elkhorn Coal Corp. v. Sullivan*[2] relied upon longstanding principles that pertain equally to claims that arise under the post–1996 version of Chapter 342.[3] The Kentucky approach to treating awards for successive and concurrent injuries is consistent with the views expressed in Professor Larson's treatise, which states as follows:

> There is both a theoretical and a practical reason for the holding that awards for successive or concurrent permanent injuries should not take the form of weekly payments higher than the weekly maxima for total disability. The theoretical reason is that, at a given moment in time, a person can be no more than totally disabled. The practical reason is that if the worker is allowed to draw weekly benefits simultaneously from a permanent total and a permanent partial award, it may be more profitable for him or her to be disabled than to be well—a situation which compensation law studiously avoids in order to prevent inducement to malingering. (citations omitted).[4]

The theoretical and practical reasons to which the treatise refers apply equally to simultaneous benefits for partially disabling injuries. They also apply equally to post–1996 claims inasmuch as Chapter 342 continues to award benefits on the basis of occupational disability.[5]

The decision of the Court of Appeals is affirmed.

All sitting. All concur.

**2.** 862 S.W.2d 891 (Ky.1993).

**3.** *See General Refractories Co. v. Herron*, 566 S.W.2d 433 (Ky.App.1977); *Cabe v. Skeens*, 422 S.W.2d 884 (Ky.1967); *Osborne Mining Corporation v. Blackburn*, 397 S.W.2d 144 (Ky.1965); *Dunn v. Eaton*, 233 Ky. 699, 26 S.W.2d 513 (1930).

**4.** 5 Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law § 92.01[1] (2009).

**5.** *Adkins v. R & S Body Company*, 58 S.W.3d 428 (Ky.2001).