**James COLLINS, Appellant,**

v.

**McINNES MINES, Roberts Coal Company, John Calhoun Wells, Secretary, Labor Cabinet (Special Fund) and Worker's Compensation Board, Appellees.**

**No. 87-SC-504-DG.**

Supreme Court of Kentucky.

March 31, 1988.

Kelsey E. Friend, Sr., Kelsey E. Friend Law Firm, Pikeville, for appellant.

William J. Baird, III, Pikeville, David R. Allen, John E. Stephenson, Labor Cabinet, Louisville, for appellees.

LAMBERT, Justice.

In this Worker's Compensation case, the issue we address is whether an employer against whom a 100% disability award is adjudged is entitled to a credit for sums the disabled employee receives pursuant to a prior unrelated Worker's Compensation award from another state. Affirming the circuit court, the Court of Appeals held that the employer was entitled to such credit. As this issue is of first impression (CR 76.20(1)), we granted discretionary review and now reverse.

In 1963, while living and working in the State of Ohio, appellant suffered a work-related back and stomach injury. As a result, he was determined to be 100% disabled and awarded $81.46 bi-weekly, a sum which he still receives. In 1981, while employed by appellee, McInnes Mines, Roberts Coal Company, appellant suffered a knee injury. In his Worker's Compensation claim which followed, the Board found that appellant had no active disability prior to the date of the knee injury, and as a result of the injury sustained an occupational disability of 100%.

In the opinion we now review, the Court of Appeals acknowledged that existing statutes do not expressly grant an employer a credit for sums the employee receives pursuant to a prior unrelated award from another state. By statute, a credit is allowed only in those circumstances described in KRS 342.670(1) and (2). Relying, however, on the general prohibition against double recovery and what it believed to be sound public policy, the Court of Appeals concluded "that existing law can be justly extrapolated to the situation of a previous *foreign state* award and its effect on a subsequent *in-state* award ..." and allowed the credit.

We are at once confronted with the absence of any statutory authority for allowing the employer a credit for a prior unrelated award from another state. The Legislature has addressed the issue of

credit for foreign awards and with reasonable clarity described the circumstances in which a credit is available. As such, we are not at liberty to supply provisions omitted from the statute. In *Hatchett v. City of Glasgow*, Ky., 340 S.W.2d 248 (1960), the statute in question required assent of the voters in a public referendum "at the next regular November election." Appellants argued that a negative vote in the referendum precluded again submitting the issue to the voters one year later. They contended that re-submission after such a brief time could not have been contemplated by the Legislature. In response to this argument, we said:

> The statute must be interpreted by what it says, expressly or inferentially, and not by what it might have said. It must be construed according to what was included and not by what might have been included.
>
> ... But where a statute on its face is intelligible, the courts are not at liberty to supply words or insert something or make additions which amount, as sometimes stated, to providing for a *casus omissus*, or cure an omission, however just or desirable it might be to supply an omitted provision. It makes no difference that it appears the omission was mere oversight. 340 S.W.2d at 251.

Our reliance on strict statutory interpretation for resolution of this case is strengthened by the comprehensive nature of the Worker's Compensation Act. Throughout the years, the General Assembly has devoted great attention to this Act, and we must presume that its action was knowing and purposeful. We are unable to conclude, therefore, that the Legislature intended more on this issue than it said. See also *Gateway Construction Company v. Wallbaum*, Ky., 356 S.W.2d 247 (1962).

In view of our holding that the absence of statutory authority precludes any credit for the prior Ohio award, it is unnecessary to engage in a detailed discussion of *Cabe v. Skeens*, Ky., 422 S.W.2d 884 (1967), *General Refractories Co., v. Herron*, Ky.App., 566 S.W.2d 433 (1977), and *Osborne Mining Corporation v. Blackburn*, Ky., 397 S.W.2d 144 (1965), cases relied upon by appellees in support of their position. It is sufficient to note that in all of these cases, the prior award was a Kentucky award with a statutory basis for applying the credit. Likewise, we have taken note of the general policy consideration that it should not be more lucrative to be disabled than to be well and working. *Cabe v. Skeens, supra.* Nevertheless, we perceive a clear distinction between this case and the foregoing cases.

In the case at bar, the initial award was based on Ohio law in 1963, and its requirements for a determination of total disability may differ significantly from the requirements of Kentucky law in 1981. It would be illogical to credit the latter award with the former unless it was first demonstrated that the disability standard applied was substantially the same in both cases. The parties have not attempted such a showing. Moreover, the Board found that prior to appellant's Kentucky injury, he was free of any active occupational disability. As such, and if warranted by the facts, he had a right under our law to be adjudged 100% occupationally disabled as a result of his Kentucky injury. The fact of the previous determination of disability under Ohio law is irrelevant to his condition at the time of his Kentucky injury. If, by reason of cessation of disability, appellant became ineligible for benefits under Ohio law, such determination and corrective action could only be made by appropriate authorities in that state. In the absence of a clear statutory basis, we are not at liberty to grant a credit as such would amount to a partial denial of benefits under Kentucky law.

In this proceeding, appellant has also challenged the decision of the Court of Appeals that the Special Fund was entitled to the benefit of the employer's appeal without having pursued a separate appeal. In view of our decision, this issue need not be addressed.

For the foregoing reasons, the decision of the Court of Appeals is reversed and this cause remanded to the Worker's Compensation Board for entry of its award

without application of any credit for the prior Ohio award.

All concur.