**James Henry BERRY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 88–SC–317–MR.**

Supreme Court of Kentucky.

Jan. 18, 1990.

J. David Niehaus, Deputy Appellate Defender, Jefferson Dist. Public Defender, Daniel T. Goyette, Jefferson Dist. Public Defender, of counsel, Louisville, for appellant.

Frederick J. Cowan, Atty. Gen., John Gillig, Gregory C. Fuchs, Asst. Attys. Gen., Crim. Appellate Div., Frankfort, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a judgment based on a jury verdict which convicted Berry of murder and as a persistent felony offender. He was sentenced to life on the murder charge and the sentence was enhanced to 200 years as a persistent felony offender.

■ The principal issue is whether a PFO enhancement is permissible following a conviction for murder. Berry argues that because K.R.S. 507.020(2) classifies murder as a capital offense, the penalty authorized for such offense is found in K.R.S. 532.030(1) and not under K.R.S. 532.060. He contends that a PFO proceeding is not proper after any murder conviction because K.R.S. 532.080, the PFO enhancement statute, limits PFO proceedings to sentences authorized by K.R.S. 532.060.

The Commonwealth maintains that when proceeding as a noncapital or nonaggravated murder the permissible penalty is the same as for a Class A felony and that because first-degree manslaughter is listed as a Class B felony, it is logical that murder be treated as a Class A felony when the death penalty is not sought. Consequently, K.R.S. 532.060 would govern sentencing and the PFO provisions would apply.

This Court holds that the trial court committed reversible error in imposing an enhanced sentence under the persistent felony offender statute because murder is a capital crime and not subject to such enhancement.

K.R.S. 507.020(2) states that murder is a capital offense. The language of the statute is clear and unambiguous. An unambiguous statute is to be applied without resort to any outside aids. *Delta Airlines v. Revenue Cabinet*, Ky., 689 S.W.2d 14 (1985). Where a statute is intelligible on its face, the courts are not at liberty to supply words or insert something or make additions however just or desirable it might be to supply an omitted provision. *Collins v. McInness Mines*, Ky., 747 S.W.2d 602 (1988).

■ The argument as to whether the murder charge in this case was prosecuted as an aggravated or nonaggravated crime is of no help to the Commonwealth. Murder is to be prosecuted as a capital offense pursuant to statute. The question of whether death can be imposed arises only if the Commonwealth makes known to the defendant any information it intends to offer in support of one of the statutorily authorized aggravating circumstances. Here the Commonwealth did not allege or offer to prove any of the aggravating circumstances that would authorize the imposition of aggravated punishment. The mere fact that the Commonwealth did not do this does not transform the offense of capital murder into a Class A felony. K.R.S. 507.020 separates murder from non-

murder homicide. Any changes in this system of murder prosecutions must come from the General Assembly.

K.R.S. 532.010(1) provides that capital offenses are a specific type felony and have a specific sentencing statute, K.R.S. 532.-030(1). That statute provides that when a person is convicted of a capital offense, punishment may be fixed as death, imprisonment for life without the benefit of probation or parole for 25 years, life imprisonment or imprisonment for not less than 20 years. *Punishment for all other felonies is provided in K.R.S. 532.060(2).*

K.R.S. 532.080(1) provides in part that: When a defendant is found to be a persistent felony offender, the jury, in lieu of the sentence of imprisonment assessed under K.R.S. 532.060 for the crime for which such person presently stands convicted, shall fix a sentence of imprisonment as authorized by § 6 of this section.

If the punishment is not assessed under K.R.S. 532.060, the PFO statute is not applicable. The language is clear. The only function of the court is to apply the statutes. Murder is a capital offense and a murder conviction is not subject to PFO enhancement. This case is remanded to the trial court with directions to enter the sentence of life imprisonment originally fixed by the jury.

We now turn our attention to whether Berry was denied a fair trial because of the trial court's rulings on alleged open file discovery improprieties.

■ Berry argues that the Commonwealth should not have been allowed to introduce photopak identification made by a witness because it was not properly produced by discovery. The record indicates that the prosecution provided Berry with open file discovery. The testimony showed the photographs were in the file provided to Berry. There is no evidence that the Commonwealth deliberately withheld the photos and thus the discovery order was not violated. In any event, Berry was not prejudiced by not seeing these photos until the day of trial. The out-of-court photo identification was not exculpatory evidence. There was a suppression hearing at which

defense counsel had the opportunity to look at the photos, discover when the identification took place, how much time was involved, what happened during the identification process and who was present. The evidence of the photopak could not have changed the defense of Berry.

The trial judge stated that he would give Berry a continuance so that he would have an opportunity to view the photographs and make any appropriate changes in his defense. Defense counsel refused the continuance because Berry would have to remain in custody awaiting a new trial. Under the circumstances, we do not believe Berry has shown prejudice.

■ Berry also claims that the testimony of another witness should not have been admitted at trial because the Commonwealth failed to inform defense counsel that she would identify Berry. Pursuant to the discovery order, the Commonwealth provided the defense with every statement made by the witness that had been written. The Commonwealth stated at trial that he told defense counsel a week before the trial that "It would not surprise me if the witness would identify the defendant." The prosecution had no other duty regarding discovery. RCr 7.24 applies only to written or recorded statements. The witness had never made a written or recorded statement that she would identify Berry. Berry has failed to demonstrate how he might have changed his defense or benefited from the knowledge that the witness could identify him. The mere fact that her testimony at trial was not what the defense counsel thought it was going to be does not constitute reversible error or a breach of the good faith open file discovery procedure. There is no prejudice and consequently the error, if any, is harmless. *Cf. Moore v. Commonwealth,* Ky., 634 S.W.2d 426 (1982).

■ In matters dealing with discovery it is within the discretion of the trial court to permit the discovery or inspection of materials not previously disclosed, grant a continuance, or prohibit the party from introducing in evidence the material not dis-

closed, or it may enter such other order as may be just under the circumstances. RCr 7.24(9). Here the trial judge offered the defendant a continuance but he declined because he did not want to spend extra time in jail awaiting further discovery. The defendant, after rejecting the continuance, cannot complain about the decision he made.

The other issues raised by Berry do not require reversal.

The judgment of conviction is affirmed, but this matter is remanded to the circuit court with directions to enter the sentence of life imprisonment originally fixed by the jury.

STEPHENS, C.J., and COMBS, GANT, LAMBERT and VANCE, JJ., concur.

LEIBSON, J., concurs in result only with a separate concurring opinion.

LEIBSON, Justice, concurring.

I concur in results only. ·

Reason and logic should not be strangers in the house of the law. Even though the statute is inartfully drawn, within the overall structure of the Penal Code murder is a Class A felony when the death penalty is not sought and should be so considered. The General Assembly's language in KRS 507.020 should not be taken literally with disregard of the rest of the Code where to do so provides an absurd, illogical result. The General Assembly clearly intends the PFO statute to apply to a murder conviction when murder is tried subject to the penalty for a Class A felony, and we should construe the Penal Code accordingly.

Recently, in a workers' compensation case we disregarded the literal language of the statute to deny Special Fund liability for preexisting active disability, being convinced such was not the legislative intent. *See Beale v. Stratton*, Ky., 779 S.W.2d 201 (1989). The rule is, as stated in *Bailey v. Reeves*, Ky., 662 S.W.2d 832, 834 (1984), words of a statute are afforded "literal meaning unless to do so would lead to an absurd or wholly unreasonable conclusion." In *Beale*, we reached an erroneous result because to afford the statutory language a literal application did not cause an "absurd or wholly unreasonable" conclusion. But to do so in the present case causes just such an intolerable, unintended result.

However, I concur in the result in the present case because a life sentence is the longest term of years, and cannot be "enhanced" to 200 years. Thus the PFO enhancement was a contradiction in terms. It is only because of potential, unknowable parole possibilities that the Commonwealth would ever argue for enhancing a life sentence to a term of years. This potential does not make logical what is otherwise a *non sequitur*. This is but another example of the havoc we created when we gave our judicial blessing to the Truth–in–Sentencing law.