905 F.2d 1537
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arlen FIELDS, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden, Respondent-Appellee.
 No. 89-6094.
 United States Court of Appeals, Sixth Circuit.
 June 20, 1990.
 
 Before MILBURN and DAVID A. NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Arlen Fields, a pro se Kentucky prisoner, appeals the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Fields was indicted for murder and the status offense of being a persistent felony offender (PFO) in the second degree. Prior to trial, Fields filed a notice that he intended to rely on an insanity defense. Fields was ultimately convicted by a jury of first degree manslaughter and he received a ten year sentence which was later enhanced to life imprisonment after he was found guilty on the PFO charge. The Kentucky Supreme Court affirmed the convictions. Fields later pursued two unsuccessful attempts to have his sentence vacated under Ky.R.Crim.P. 11.42. Thereafter, Fields filed the instant habeas petition alleging: (1) he was denied the right to present an effective defense when the trial court denied defense counsel's motion for continuance based upon the absence of the defense psychiatrist, Dr. Finney; (2) the trial court did not conduct a competency hearing; and (3) he was not allowed to introduce psychiatric evidence during the PFO proceeding.
 
 
 3
 The magistrate originally recommended the writ of habeas corpus issue, finding that Fields was severely prejudiced by not having Dr. Finney testify in person to elaborate on his medical reports. The magistrate also noted that petitioner's other two claims were meritless and did not warrant discussion. After reviewing the respondent's objections, the district court referred the case back to the magistrate for further development of the record and for a determination of what Dr. Finney's testimony would have been at trial. The district court also reviewed the other two claims and dismissed them. Upon referral, the magistrate appointed counsel to take Dr. Finney's deposition. Ultimately the magistrate issued a second report recommending the petition be denied, finding that what Dr. Finney's testimony would have been at trial was speculative at best and would not have likely produced a different result upon retrial. The district court adopted the magistrate's recommendation over Fields' objections.
 
 
 4
 On appeal, Fields reasserts his claim regarding the denial of the continuance, has requested the appointment of counsel, and has requested in forma pauperis status.
 
 
 5
 Upon review, we grant the request for in forma pauperis status, deny the request for the appointment of counsel, and affirm the district court's judgment. The trial court did not abuse its discretion in denying counsel's fourth motion for a continuance. See Bennett v. Scroggy, 793 F.2d 772, 774-75 (6th Cir.1986). The jury was also made aware of Dr. Finney's opinion that petitioner's mental condition affected his ability to form the requisite intent to commit murder.
 
 
 6
 We note that Fields has waived appellate review of his other two claims because he did not object to the magistrate's recommendation that the claims be dismissed. See Thomas v. Arn, 728 F.2d 813 (6th Cir.1984), aff'd, 474 U.S. 140 (1985).
 
 
 7
 Finally, we have reviewed petitioner's motion to supplement the record. We conclude that Berry v. Commonwealth, 782 S.W.2d 625 (Ky.1990) is not applicable in this case because petitioner's sentence was subject to PFO enhancement because petitioner was convicted of first degree manslaughter and his punishment was assessed under Ky.Rev.Stat. 532.060.
 
 
 8
 Accordingly, the request for in forma pauperis status is granted, the request for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.