Juan OFFUTT, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

No. 89–SC–18–MR.

Supreme Court of Kentucky.

April 26, 1990.

As Modified on Grant of
Rehearing Nov. 29, 1990.

Daniel T. Goyette, Jefferson Dist. Public Defender, J. David Niehaus, Deputy Appellate Defender, Louisville, for appellant.

Frederic J. Cowan, Atty. Gen., Robert W. Hensley, Ian G. Sonego, Asst. Attys. Gen., Criminal Appellate Div., Frankfort, for appellee.

COMBS, Justice.

Offutt was indicted for murder (KRS 507.020) and as a persistent felony offender (KRS 532.080). He was found guilty of wanton murder, for which his sentence was fixed at thirty years' imprisonment. Upon finding the defendant to be a persistent felony offender in the second degree, the jury enhanced the penalty to fifty years. Offutt does not challenge the murder conviction, but seeks dismissal of the PFO count and a new sentencing hearing.

Two issues are presented by this appeal: (1) whether a sentence upon a murder con-

viction may be enhanced under the PFO sentencing statute; and (2) whether the trial court erred to the defendant's substantial prejudice in declining to instruct the jury, in the sentencing phase, that the defendant would not be eligible for parole until he had served twelve years, pursuant to the violent offenders statute (KRS 439.-3401).

■ 1. We have recently held that a sentence imposed upon conviction for murder is not subject to PFO enhancement. *Berry v. Commonwealth*, Ky., 782 S.W.2d 625 (1990). The foundation of our conclusion was that KRS 532.080 provides for enhanced penalties only "in lieu of the sentence ... assessed under KRS 532.060," whereas section .060 assesses no penalty for capital offenses, those being punishable pursuant to KRS 532.030(1). Moreover, KRS 532.080 sub-sections (5) and (6), which specify the enlarged sentences, apply only to convictions of Class A, B, C, or D felonies, whereas murder, albeit a felony, falls within no alphabetical class—it is a capital offense. KRS 507.020(2); KRS 532.010.

We do not retreat from our holding in *Berry*. Yet we venture to observe the inelegance of the present statutory structure. KRS 532.080 defines a persistent felony offender as "a person ... who stands convicted of a felony after having been convicted of [one or more previous felonies]." A capital offense is a felony. KRS 532.010. Therefore conviction of a capital offense may indeed establish PFO status, and the appellant is not entitled to dismissal of the PFO charge. Enlargement of the sentence, however, is not authorized.

The evolution of the law into this curious state may be traced in legislative history. In 1974, the General Assembly enacted HB 232, the supposedly organic common source of KRS 507.020 and KRS Chapter 532, Sections .010, .030, .060, and .080. In the original scheme, murder was a Class A felony, except in specified aggravating circumstances, when it was a capital offense. 1974 H 232, Sec. 61. For a capital offense, the death penalty was mandatory; however, a crime classified as a capital offense might at the Commonwealth's discretion be prosecuted as a Class A felony, if the state so elected at the time of indictment. 1974 H 232, Sec. 275. Section 278 of this legislation became KRS 532.060, which has survived as written; and Section 280 created the PFO sentencing statute, sub-sections (1), (5), and (6) of which have also remained intact.

Under the statutes as originally enacted, then, conviction of a capital offense entailed no sentence of imprisonment, but the mandatory death penalty, which, it might be argued, was insusceptible of enhancement. PFO status was of little interest either to the defendant or to the Commonwealth. Non-aggravated murder (and in effect, at the Commonwealth's option, aggravated murder) was a Class A felony, the sentence for which would derive from KRS 532.060, subject to enhancement pursuant to KRS 532.080.

The cohesion of this structure ended with the enactment of HB 14, during the 1976 extra session of the General Assembly. KRS 507.020 was amended, making murder a capital offense in all cases. 1976 EX S, H 14, Sec. 1. KRS 532.030 was amended to make the death penalty optional, while the state's authority to prosecute murder as a Class A felony was repealed. 1976 EX S, H 14, Sec. 3. Neither KRS 532.060 nor KRS 532.080 was amended to accommodate these changes; hence the present result, with no provision for PFO enhancement of a sentence of imprisonment for murder.

■ The Commonwealth notes that the indictment in the present case charged "Murder KRS 507.020 Class A Felony." As the defendant did not challenge the erroneous classification before trial, he waived the defect. RCr 8.18. The Commonwealth concludes that Offutt's objection to being sentenced for a Class A felony rather than for a capital offense is therefore unpreserved.

■ The essential purpose of an indictment is to charge a described act offensive to the law as established by the legislature. The present indictment clearly charged murder under KRS 507.020, and neither the defendant nor the Commonwealth misap-

prehended the charge. The prosecution sought and won conviction of murder. Sentencing based upon that conviction is a matter of statutory prescription.

Felonies are classified, *for the purpose of sentencing*, into five categories:

*(1) Capital offenses;*

*(2) Class A felonies;*

(3) Class B felonies;

(4) Class C felonies; and

(5) Class D felonies.

KRS 532.010. [Emphasis added throughout.]

Murder is a capital offense.

KRS 507.020(2).

When a person is convicted of a capital offense he shall have his punishment fixed at death, or a term of imprisonment....

KRS 532.030(1).

The offense of murder is no longer a Class A felony, under any circumstance; the Commonwealth no longer enjoys its former statutory prerogative to prosecute a capital offense as a Class A felony. The question here is not whether waiver might have foreclosed a protest against sentencing for a capital offense. Rather it is whether the Commonwealth, even with the assumed acquiescence of the defendant, may legislate by indictment. We hold that it may not.

2. The proper classification of the offense affects the second issue on appeal, as well.

A sentencing hearing was conducted pursuant to KRS 532.055.[1] As authorized by KRS 532.055(2)(a)1, the Commonwealth offered evidence as to minimum parole eligibility, essentially that under KRS 439.-3401(3) a violent offender convicted of a *Class A felony* would be ineligible for parole for twelve years if sentenced to life, or for fifty percent of the term if sentenced to a term of years. The defendant did not object to this evidence. He had, however, objected to the treatment of the offense as a Class A felony, and he did request an

instruction that, standing convicted of a *capital offense*, he would be ineligible for parole for twelve years, regardless of the sentence imposed. KRS 439.3401(2). Having concluded that the offense was a Class A felony, the trial court declined to give the instruction. In our view, the trial court erred.

■ It is recognized policy, in furtherance of justice, to provide full and accurate information to a sentencing jury. KRS 532.055; *Huff v. Commonwealth*, Ky., 763 S.W.2d 106 (1988). We have previously decided, in *Commonwealth v. Reneer*, Ky., 734 S.W.2d 794 (1987), to accommodate the legislature in its prescription of practices and procedures via KRS 532.055, which statute clearly contemplates that prospective parole eligibility is a valid and material consideration. The defense, as well as the prosecution, is entitled to inform the jury concerning this issue. *Boone v. Commonwealth*, Ky., 780 S.W.2d 615 (1989).

■ We are not asked to reexamine the constitutionality of KRS 439.3401. For all its anomalous effects and aberrant syntax, its meaning is not difficult to determine. One convicted of a capital offense is not eligible for parole until he/she has served twelve years. Here, the jury labored under misinformation as to that element of sentencing. Resolution of the matter lay less in the evidence than in the law, and the law was correctly represented in the defendant's requested instruction. RCr 9.58. While we may doubt whether absent the inaccuracy the result would have been more favorable to the defendant, we decline to speculate, and conclude that resentencing is in order.

The conviction is not disturbed. Appellant's status as a persistent felony offender in the second degree is affirmed; provided, however, that the sentence for the present conviction may not be enhanced thereby. The sentence is vacated, and this matter is remanded to the trial court with directions to conduct a new presentencing hearing

---

**1.** Because the Commonwealth had not alleged statutory aggravating circumstances, the conviction was not one for which the death penalty could be imposed, and KRS 532.055, rather than KRS 532.025, was procedurally appropriate, irrespective of the felony category.

pursuant to KRS 532.055 and consistent with this opinion.

STEPHENS, C.J., and LAMBERT and VANCE, JJ., concur.

WINTERSHEIMER, J., files a separate concurring opinion, in which GANT, J., joins.

LEIBSON, J., files a separate opinion, dissenting in part and concurring in part.

WINTERSHEIMER, Justice, concurring.

I concur with the result achieved by the majority but wish to separately state my view that use of the term murder should be clarified by the General Assembly. Upon additional review, as a practical matter, I believe the legislature intended to consider murder to be divided between simply unaggravated murder and aggravated capital murder. Common sense indicates that all murder is a violent crime. The law should be re-drafted to reflect the reality that unaggravated murder may be enhanced but aggravated capital murder which results in the imposition of the death penalty cannot be enhanced because it involves the ultimate penalty of death which cannot be enhanced.

GANT, J., joins in this concurring opinion.

LEIBSON, Justice, dissenting in part/concurring in part.

I would reverse this case because of the *Boone* error (*Boone v. Commonwealth,* Ky., 780 S.W.2d 615 (1989)), but I would permit a combined PFO/TIS sentencing hearing, and an enhanced sentence at the next trial. As I read the statutes, murder should be considered a Class A offense and not a capital offense, except in those instances where it is tried in fact as a capital offense.

As per my Concurring Opinion in *Berry v. Commonwealth,* Ky., 782 S.W.2d 625 (rendered 1/18/90), I *disagree* that PFO enhancement is not applicable to murder when tried as a Class A felony. Interpreting the statutes so as to deny enhancement as a PFO where murder is tried as a Class A felony is to distort the meaning of the statutes rather than to accommodate them. In my opinion we have reached an unreasonable and untenable result.