Ricky **HARRISON**, Appellant,

v.

**COMMONWEALTH of Kentucky,**
Appellee.

Eugene **SMITH**, Appellant,

v.

**COMMONWEALTH of Kentucky,**
Appellee.

Nos. 91–CA–1265–MR, 91–CA–1276–MR.

Court of Appeals of Kentucky.

June 5, 1992.

Discretionary Review Denied
by Supreme Court Jan. 13, 1993.

Marguerite Neill Thomas, Asst. Public Advocate, Frankfort, for appellants.

Chris Gorman, Atty. Gen., Todd D. Ferguson, Laura Early, Asst. Attys. Gen., Frankfort, for appellee.

PER CURIAM:

These appeals are from the denial of RCr 11.42 relief in which the appellants argue that persistent felony offender enhancement under KRS 532.080 is not applicable to violations of Chapter 218A, the Controlled Substance Act. Appellants pled guilty to trafficking in a controlled substance (cocaine) and to being persistent felony offenders in the second degree. They rely primarily upon the decision in *Offutt v. Commonwealth,* Ky., 799 S.W.2d 815 (1990), and *Berry v. Commonwealth,* Ky., 782 S.W.2d 625 (1990). These two cases have been consolidated for decisional purposes.

Even though it is questionable whether this issue is preserved for appellate review since the appellants plead guilty to being persistent felony offenders in the second degree, and they are not arguing the indictments do not state a crime nor that their pleas were involuntarily entered, we will nevertheless address the merits.

Appellants argue that trafficking in a controlled substance is proscribed in KRS 218A which is outside the penal code and has its own specific sentencing structure, thereby rendering KRS 532.080 inapplicable.

In the *Offutt* and *Berry* cases, both murder cases, the Kentucky Supreme Court held that KRS 532.060 (and therefore KRS 532.080) does not apply in a murder case since murder is classified as a capital offense, a specific type of felony for which a penalty is imposed pursuant to KRS 532.-030(1). KRS 532.060 sets the term of imprisonment in all felonies except capital offenses.

A reading of *Berry* and *Offutt* clearly indicate both cases only apply in murder cases. No extension was made to drug cases. In fact, the Court in *Berry* stated, at 627, that "punishment in *all* other felonies is provided in KRS 532.060(2)."

Although not the primary issue before the Court in *Dawson v. Commonwealth,* Ky., 756 S.W.2d 935 (1988), the Kentucky Supreme Court did permit the use of the persistent felony offender statute, KRS 532.080, in a drug conviction case. It merely asserted the trial court could not sentence under *both* KRS 218A and KRS 532.-080, but could choose one or the other.

The judgments of the trial courts are affirmed.

All concur.