993 F.2d 1546
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tolman HENSON, Petitioner-Appellant,
v.
Dewey SOWDERS, Respondent-Appellee.
 No. 92-6469.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1993.
 
 Before MILBURN, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Tolman Henson, a pro se Kentucky prisoner, appeals from an order of the district court dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Henson was charged with two counts of murder in the Clay County Circuit Court. He was convicted by a jury of one count of murder and of one count of first degree manslaughter, and sentenced to serve twenty years on the former and fifteen years on the latter. These sentences were to run concurrently.
 
 
 3
 Henson argues, in essence, that he should be eligible for parole after fifty percent of his sentence has been served, whereas the respondent argues that Henson is not eligible for parole until he has served at least twelve years in the penitentiary. Upon review, we affirm the judgment of the district court.
 
 
 4
 Henson relies upon an amendment to Ky.Rev.Stat.Ann. § 439.3401 that was not in effect at the time of his conviction. Ky.Rev.Stat.Ann. § 439.3401 was amended effective February 15, 1991. See Ky.Rev.Stat.Ann. (Baldwin-1991 Acts Issue). The former section 439.3401, which was in effect at the time of Henson's offenses, conviction, and sentence, stated, in pertinent part, that any person convicted of a capital offense who has not been sentenced to twenty-five years without parole, "shall not be released on parole until he has served at least twelve years in the penitentiary." Ky.Rev.Stat.Ann. (Baldwin--1986 Acts Issue). In Kentucky, murder is a capital offense. See Ky.Rev.Stat.Ann. § 507.020 (Michie 1985). Therefore, Henson's contention that he is eligible for parole prior to his serving twelve years within the penitentiary is not well-taken. Further, we conclude that the case of Offutt v. Commonwealth, 799 S.W.2d 815 (Ky.1990), which is relied upon by Henson, does not run afoul of our holding in Dale v. Haeberlin, 878 F.2d 930 (6th Cir.1989), cert. denied, 494 U.S. 1058 (1990), and that no ex post facto violation is present. See id. at 933.
 
 
 5
 Accordingly, the order of the district court dismissing Henson's petition is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.