66 F.3d 326
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph L. SILVERBURG, Petitioner-Appellant,
v.
Billy ASHLEY, Warden, Respondent-Appellee.
 No. 95-5504.
 United States Court of Appeals, Sixth Circuit.
 Sept. 21, 1995.
 
 Before: WELLFORD, MILBURN and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Joseph L. Silverburg, pro se, appeals a district court order granting the respondent's motion to dismiss this petition for a writ of habeas corpus and denying the petition with prejudice. Silverburg filed this petition pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1977, Silverburg was indicted for murder in violation of Ky.Rev.Stat. Sec. 507.020(1)(a), and for second degree persistent felony offender (PFO) in violation of Ky.Rev.Stat. Sec. 532.080. In June of 1978, the Fayette Circuit Court (Kentucky) found Silverburg guilty of being an accomplice to first degree manslaughter and of being a second degree persistent felony offender. Thereafter, the trial court imposed a twelve-year sentence of imprisonment for the manslaughter conviction, and enhanced the sentence to twenty years, based on the PFO conviction. These convictions and sentences were affirmed on direct appeal by the Kentucky Supreme Court, on September 11, 1979.
 
 
 3
 Thereafter, Silverburg filed a motion with the trial court pursuant to Ky.R.Crim.P. 11.42, which motion was denied on September 1, 1992. The state court of appeals affirmed that decision and the state supreme court denied Silverburg's motion for discretionary review of that decision.
 
 
 4
 Silverburg filed this petition for a writ of habeas corpus, in 1994, asserting the four claims that he asserted in his Rule 11.42 motion, specifically: 1) he was deprived of due process and equal protection by being convicted of an offense that was "repealed" and "not authorized" at the time of his crime; 2) the trial court "constructively amended" his indictment and erroneously instructed the jury that it could convict Silverburg of an offense for which he was not indicted; 3) he was deprived of effective assistance of counsel in violation of his rights under the Sixth Amendment when his counsel failed to file a motion for a new trial based on jury instructions that Silverburg believed were erroneous; and 4) he was erroneously denied an evidentiary hearing on these grounds in state court.
 
 
 5
 Upon review of the petition, the district court first concluded that Kentucky law permitted a jury to convict Silverburg for being an accomplice to first degree manslaughter pursuant to the indictment, because the indictment included the language that Silverburg "and another unknown subject committed murder...." The district court also concluded that Silverburg's sentence was properly enhanced based on the PFO charge, because Silverburg's argument that his sentence could not be enhanced would apply only if he had been convicted of murder under Kentucky law. See Offutt v. Commonwealth, 799 S.W.2d 815, 816 (Ky.1990); Berry v. Commonwealth, 782 S.W.2d 625, 626 (Ky.1990). Third, the court concluded that, because there was no merit to these claims, Silverburg could not claim ineffective assistance of counsel on the basis that counsel did not present these arguments in his defense. Lastly, the district court concluded that there was no dispute as to material facts underlying Silverburg's claims so that he would be entitled to an evidentiary hearing on his petition. See Blackledge v. Allison, 431 U.S. 63, 80-83 (1977). Thus, the district court dismissed the petition with prejudice.
 
 
 6
 On appeal, Silverburg repeats the arguments presented in the district court. He has also filed a motion for expedited action on this matter. The writ of habeas corpus may issue to correct a fundamentally unfair trial resulting in the unjust confinement of the petitioner. Clemmons v. Sowders, 34 F.3d 352, 356 (6th Cir.1994). This court independently reviews the district court's historical findings of fact not made as a result of an evidentiary hearing, see Clemmons, 34 F.3d at 354, but must give complete deference to state court findings of fact that are supported by the evidence of record. 28 U.S.C. Sec. 2254(d); Sumner v. Mata, 455 U.S. 591, 597 (1982) (per curiam); Clemmons, 34 F.3d at 354.
 
 
 7
 Upon review, this court concludes that the petition was properly denied for the reasons stated by the district court. Accordingly, Silverburg's motion for expediting this matter is denied, and the district court's order granting the respondent's motion to dismiss and denying this petition for a writ of habeas corpus is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.