# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: SEPTEMBER 28, 2017
NOT TO BE PUBLISHED

FINAL

**Supreme Court of Kentucky**

DATE 10/19/17 Kim Redmon, DC

2016-SC-000650-MR

SHAWN WILSON          APPELLANT

ON APPEAL FROM HENDERSON CIRCUIT COURT
V.          HONORABLE KAREN LYNN WILSON, JUDGE
NO. 16-CR-00124

COMMONWEALTH OF KENTUCKY          APPELLEE

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

A circuit court jury convicted Shawn Wilson of one count of first-degree trafficking in a controlled substance and of being a first-degree persistent felony offender. The jury recommended a sentence of 20 years' imprisonment, which the trial court accepted. Wilson now appeals the resulting judgment as a matter of right.[1] He alleges the following trial errors for review: (1) the prosecution improperly bolstered a confidential informant's reliability and credibility; (2) the trial court improperly sustained an objection by the prosecution that prevented Wilson from inquiring into potential bias of the confidential informant; and (3) the prosecution improperly discussed Wilson's potential for parole and early release without proper evidentiary support.

---

[1] Ky. Const. § 110(2)(b).

We affirm the trial court on all three issues because we find no error in the trial proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND.

Wilson alleges the prosecution improperly bolstered a confidential informant's reliability and credibility. During the prosecution's case-in-chief, the Commonwealth called Detective Brad Newman as a witness. Newman testified to the facts surrounding Wilson's charges, including the use of a confidential informant. Without any prior attack by Wilson on the confidential informant's credibility or reliability, Newman stated, "[confidential informant] has always been credible anytime he has approached us with any information, he's always been reliable, and we've always been able to prove his reliability." Wilson failed to object on grounds of the introduction of improper character evidence, thus failing to preserve the issue for review.

Wilson next alleges the court improperly sustained an objection by the Commonwealth, thereby preventing Wilson from inquiring into the confidential informant's potential bias. On cross examination, Wilson asked the confidential informant, "You currently have a warrant out for child support, is that correct?" The Commonwealth immediately objected to this question, and the trial court sustained the objection. Wilson alleges that this line of questioning would have shown the confidential informant's improper bias toward the Commonwealth. The parties dispute the preservation of this issue.

Finally, Wilson alleges that the prosecution improperly discussed, in the sentencing phase of the trial, Wilson's potential eligibility for parole and early

2

release without proper evidentiary support. During closing arguments, the Commonwealth stated:

> And as you know, and as I indicated to you earlier, there's all kinds of early release. If you give him a 10-year sentence, don't expect him to be in the penitentiary for 10 years. He got a 12-year sentence the last time and if he'd served it out he wouldn't be here today and you wouldn't be here today because he'd still be in prison.

The Commonwealth did proffer properly certified copies of Wilson's convictions into the record as Exhibit #5, which was introduced and published to the jury. This exhibit included Wilson's 2008 conviction for Trafficking in a Controlled Substance First Degree on January 23, 2008, whereby Wilson received a 12-year sentence. After the introduction of this exhibit, Probation and Parole Officer James Bowles testified that Wilson was on parole at the time of the current offense at issue. Wilson did not object to the Commonwealth's statements. So the issue is unpreserved for appellate review.

## II. ANALYSIS.

### A. Standard of Review.

The appropriate standard of review in this case depends on the preservation of the three issues before the Court. If an issue is unpreserved, Kentucky Rule of Criminal Procedure 10.26 states that the appropriate standard of review is palpable error.[2] Palpable error requires a showing that the alleged error affected the "substantial rights" of a defendant, where relief may be granted "upon a determination that manifest injustice has resulted from the

---

[2] RCr 10.26.

3

error."[3] To find that "manifest injustice has resulted from the error," this Court must conclude that the error so seriously affected the fairness, integrity, or public reputation of the proceeding as to be "shocking or jurisprudentially intolerable."[4] But if any one of the three issues above is deemed to be preserved, the appropriate standard of review is abuse of discretion because all three rulings are evidentiary rulings.[5] "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles."[6]

## B. Prosecution's Improper Bolstering of Confidential Informant's Reliability and Credibility Not Palpable Error.

Both parties concede that this issue is unpreserved, so we review this issue for palpable error. Both parties also agree that the prosecution improperly bolstered the credibility of the confidential informant without his credibility first having been attacked and through specific instances of conduct unrelated to truthfulness and untruthfulness. The Commonwealth insists this error is harmless, but Wilson argues this error amounts to palpable error. We hold that this error did not amount to palpable error.

Even where testimony is introduced in error, "...this Court may still determine that the error is harmless pursuant to RCr 9.24 and the standards

---

[3] *Id.*
[4] *Martin v. Commonwealth,* 207 S.W.3d 1, 4 (Ky. 2006).
[5] *McDaniel v. Commonwealth,* 415 S.W.3d 643, 655 (ky.2013); Partin v. Commonwealth, 918 S.W. 219, 222 (Ky. 1996).
[6] *Commonwealth v. English,* 993 S.W.2d 941, 945 (Ky. 1999).

4

set forth in *Winstead v. Commonwealth*[7]."[8] "A non-constitutional evidentiary error...is harmless if the reviewing court can say with fair assurance that the judgment was not substantially swayed by the error."[9] Errors have also been found to be harmless in light of other strong evidence, as there is no possibility the error substantially swayed the jury.[10] "When rehabilitation evidence is admitted before credibility is attacked, any error is harmless as long as credibility is, in fact, later impeached."[11] Regarding this exact type of error, the court in *Fairrow v. Commonwealth*[12] stated, "Nor are we satisfied that the admission of improper evidence of the character of a mere witness affected Appellant's substantial rights and constituted manifest injustice so as to require reversal as palpable error."[13]

Here, under a *Wiley* analysis, the Commonwealth did present other evidence of Wilson's crimes, completely unrelated to the veracity and reliability of the confidential informant. Among the evidence presented by the Commonwealth included: (1) Detective Newman's testimony that, before the second controlled buy, Newman searched the confidential informant's person and vehicle, ensuring both were free of contraband or money; (2) Newman provided the confidential informant with $100 to purchase drugs from Wilson;

---

[7] 283 S.W.3d 678 (Ky. 2009).
[8] *Harris v. Commonwealth*, 384 S.W.3d 117, 122 (Ky. 2012).
[9] *Id.* at 125 (citing *Winstead v. Commonwealth*, 283 S.W.3d 678, 688-89 (Ky. 2009)).
[10] *Wiley v. Commonwealth*, 348 S.W.3d 570, 579 (Ky. 2010); *Hunt v. Commonwealth*, 304 S.W.3d 15, 35 (Ky. 2009); *Winstead*, 283 S.W.3d at 689.
[11] *Reed v. Commonwealth*, 738 S.W.2d 818, 821 (Ky. 1987) (citing *Summitt v. Commonwealth*, 550 S.W.2d 548, 550 (Ky. 1977).
[12] 175 S.W.3d 601 (Ky. 2005).
[13] *Id.* at 606.

(3) Wilson admitted to meeting with the confidential informant on the day of the second controlled buy, supported with video evidence; and (4) after the meeting, the confidential informant possessed the requested quantity of methamphetamine. In light of such strong evidence, no possibility exists that the error, the admission of character evidence, substantially swayed the jury.

Additionally, under a *Reed* analysis, Wilson did attack the confidential informant's character after the Commonwealth bolstered it. Wilson attempted to portray the confidential informant as an unemployed individual who took advantage of Wilson's mother and who reneged on his debts to Wilson and Wilson's family. Wilson's cross-examination of the confidential informant included questions regarding the length of his status as a confidential informant, his testimony in other cases as a confidential informant, and his ability to "get out of trouble" through his service as a confidential informant. Wilson's closing argument reiterated that the confidential informant owed money to Wilson and Wilson's mother, specifically referring to the confidential informant as a "bum." Under *Reed*, because the confidential informant's reliability and credibility were eventually attacked by Wilson, any error related to bolstering the witness's character before attack is rendered harmless.

Lastly, even if the admission of the character evidence was not harmless, it did not rise to the level of palpable error. *Fairrow* dealt with this exact issue and reached the conclusion that the improper admission of character evidence of a witness does not amount to palpable error. So, no palpable error exists.

6

## C. Trial Court Did Not Abuse Discretion by Ruling on Confidential Informant's Potential Bias.

The parties dispute the preservation of this issue. "[I]f a litigant believes that error has occurred (to his detriment) during a...[criminal] judicial proceeding, he must object in order to preserve the issue. If he fails to do so in a timely manner, his claim for relief from the error is forfeited."[14] Wilson argues that the cross-examination of the confidential informant itself sufficiently preserved the issue for review. Even if we agree with Wilson, we hold that the trial court's ruling on this matter did not amount to an abuse of discretion.

KRE 608(b) affords the court discretion as to the introduction of "specific instances of conduct of a witness, for the purpose of attacking the witness's credibility."[15] Before a trial court can even entertain its discretion regarding admissibility of the act, (1) the act must be probative of truthfulness or untruthfulness and (2) the cross-examiner must possess a factual basis for the subject matter of his inquiry.[16] An act of a witness for which he or she has yet to be criminally convicted, such as the confidential informant's alleged warrant for unpaid child support, falls under the discretion of the trial court as to whether it is to be admissible to impeach the credibility of that witness.

Reasonable minds can differ as to whether alleged unpaid child support is probative of truthfulness or untruthfulness. Additionally, Wilson failed to

---

[14] *Puckett v. U.S.*, 556 U.S. 129 (2009).
[15] KRE 608(b).
[16] *Id.*

provide a sufficient factual basis for this alleged bad act. So the trial court's decision was reasonable. We affirm the ruling of the trial court on this issue.

## D. Prosecution's Discussion of Early Release or Parole Not Palpable Error

Both parties concede that this argument is unpreserved; thus, we review this issue for palpable error. Wilson argues that the Commonwealth's statements (1) were unsupported by any evidence and (2) tainted the jury's verdict by misleading the jury into believing that Wilson would be released and not serve his whole sentence.

Regarding Wilson's first argument, as noted earlier, the Commonwealth did introduce evidence regarding Wilson's prior conviction and 12-year sentence, supporting its statement in closing argument, "He got a 12-year sentence the last time...." Additionally, the law affords all parties wide latitude when making closing arguments.[17] So Wilson's first argument fails because the Commonwealth's actions did not amount to any error.

Regarding Wilson's second argument, we acknowledge that the Commonwealth's assertion, "If you give him a 10-year sentence, don't expect him to be in the penitentiary for 10 years," could possibly suggest to a reasonable mind that a harsher sentence is needed to ensure Wilson's imprisonment. In support of his argument, Wilson cited numerous cases. But, the statements made by the Commonwealth in this case do not rise to the level

---

[17] *See Crossland v. Commonwealth*, 291 S.W.3d (Ky. 2009); *Bixler v. Commonwealth*, 204 S.W.3d 616 (Ky. 2006).

8

of error appearing in any of the cases offered by Wilson.[18] In sum, the Commonwealth in this case did not make a conclusory factual or legal misstatement to the jury, as the Commonwealth did in the cases cited by Wilson where the court found reversible error; rather, the Commonwealth simply suggested a truly plausible scenario. So the Commonwealth's statements do not rise to the level of palpable error.

## III.  CONCLUSION.

We affirm the judgment because we find no palpable error and no abuse of discretion by the trial court.[19]

Minton, C.J.; Cunningham, Hughes, Keller, VanMeter, Venters and Wright, JJ., sitting. Minton, C.J.: Cunningham, Hughes, VanMeter, Venters and Wright, JJ., concur.  Keller, J., concurs in result only.

---

[18] *Whitaker v. Commonwealth*, 895 S.W.2d 953, 957 (Ky. 1995) (prosecutor misstated that defendant would be released after 12 years regardless of any other circumstances); *Offutt v. Commonwealth*, 799 S.W.2d 815, 815 (Ky. 1990) (prosecution failed to instruct the jury that the defendant would not be eligible for parole until he has served 12 years); *Holt v. Commonwealth*, 219 S.W.3d 731, 732-39 (Ky. 2007) (prosecutor improperly impeached witness with statements made to prosecutor); *Robinson v. Commonwealth*, 181 S.W.3d 30, 38 (Ky. 2005) (incorrect or false testimony about the impact of good time credit); *Ruppee v. Commonwealth*, 754 S.W.2d 852, 853 (Ky. 1988) (prosecutor misstated law when stating defendant would be paroled in seven and one half years no matter what); *Blane v. Commonwealth*, 364 S.W.3d 140, 153 (Ky. 2012) (jury was advised of original charges which were amended or dismissed).

[19] Wilson mentioned in passing the possibility of this Court finding cumulative error in the three issues presented if the court did not find palpable error in them individually. But this Court "[has] found cumulative error only where the individual errors were themselves substantial, bordering, at least, on the prejudicial." *Brown v. Commonwealth*, 313 S.W.3d 577, 631 (Ky. 2010). The issues presented by Wilson do not meet this standard.

9

COUNSEL FOR APPELLANT:

Brandon Neil Jewell
Assistant Public Advocate


COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Thomas Allen Van De Rostyne
Assistant Attorney General